## 32986. LAWRENCE v. THE STATE.

JORDAN, Justice.

Monroe Lawrence was convicted of the murder of Joe William Manning, sentenced to life imprisonment and appeals.

The evidence showed that on May 19, 1975, the

appellant, his brother and father were in a bar in Soperton when the appellant became involved in an argument with the victim, who tended the bar. The Lawrences left, then appellant returned to the bar where the argument continued over whether the appellant had paid for a six pack of beer. He was then struck over the head by the victim with a pool cue stick and ordered out of the bar. The victim then began to close the bar and had just closed the blinds on the drive-in window of the bar when the bell rang at the drive-in window. While the victim was standing at the drive-in window, he was struck by a shotgun blast from outside the window, causing his death.

Witnesses who heard the shot saw appellant with a shotgun in his hand leave the area along with his father and brother as they proceeded to the father's home a block or so from the bar. A shotgun was later found under a crib at the rear of the residence and given to authorities by the father.

The next day the appellant made a statement in which he said, "He (the victim) got a blackjack and came from behind the counter and he told me you had better get into your truck and for I will kill you and your brother both. He hit me over the head with the blackjack. I went out back and got a shotgun from my daddy's truck. The gun was loaded with one shell. From then on I don't remember nothing else. Me, my daddy, and James were out there. My brother stepped up behind me. I had the gun, I don't know who fired the gun. My brother Tillman rung the bell."

1. The appellant contends that the trial court erred in refusing to allow him to testify at the Jackson-Denno hearing regarding the voluntariness of his statement. Pursuant to our holding in *Pierce v. State*, 238 Ga. 126, 129 (231 SE2d 744) (1977), we returned the case to the trial court for another Jackson-Denno hearing in which the appellant would be allowed to testify and for the trial judge to make a ruling after such hearing on the voluntariness issue. This has been done, a complete hearing was held at which the appellant testified, and a transcript of that hearing has been forwarded to this court. At the conclusion of the hearing the trial court ruled that the statement made by the appellant to the

investigating officer was voluntary and it was proper for it to be submitted to the jury. We have reviewed this transcript and conclude that the trial court was clearly authorized to make this determination.

The original record shows that the investigating officer was again thoroughly examined and cross examined in the presence of the jury surrounding the circumstances pertaining to the voluntariness of the statement. The appellant did not testify before the jury as to the voluntariness of the statement and the court allowed it to be read to the jury. The jury was properly instructed that they must find that the state had carried its burden of proving that its statement was freely and voluntarily made before it could be considered as evidence. We find no error.

2. Appellant contends that the trial court erred in refusing to allow cross examination of a state's witness as to the intelligence and mentality of the appellant. The record shows that several of the witnesses who were in the bar testified as to the general intelligence and behavior of the appellant and that the witness Montfort testified on cross examination that he considered the appellant to have "less than average intelligence." The trial court did not err in refusing to allow this lay witness to be further cross examined as to the exact level of mentality of the appellant.

3. We have carefully considered the entire record and find no reversible error.

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 11, 1977 — DECIDED MARCH 10, 1978.

*H. G. Bozeman, Clayton Burke,* for appellant.
*B. B. Hayes, District Attorney, Arthur K. Bolton, Attorney General, B. Dean Grindle, Jr., Assistant Attorney General,* for appellee.