## 35602. PITTMAN v. THE STATE.

CLARKE, Justice.

The appellant was convicted in Bulloch Superior Court for the murder and armed robbery of Paul Hendrix. He received a sentence of life imprisonment for the murder and fifteen years to run concurrently for the armed robbery. A co-defendant, Jimmy Dees, had entered a plea of guilty to the crimes and testified for the state.

Dees testified that he and the appellant had spent the day of the incident together in and around Claxton, Georgia. Dees' family lived in Claxton at the Todd Apartments. They had been drinking all day and decided to go rabbit hunting around six in the evening. They drove in the appellant's car to see the victim who lived behind the service station of his uncle, L. C. Livingston, to borrow a shotgun. According to Dees, they met the victim at the station and after Livingston left, the appellant and the victim broke into the station, taking some money and a radio. The victim brought his uncle's shotgun and the

three men drove around continuing to drink.

At some point, they pulled into the parking lot of a church and got out of the car. Dees' version indicates that the appellant and the victim got into an argument over some money and he, Dees, struck the victim in the head with the shotgun. Dees stated that as the victim tried to get up, appellant struck him in the head also. Dees admitted that he then shot the victim in the head. Both men pulled the body into some bushes to conceal it and left in the car, driving to a creek to dispose of the gun on the way home.

Dees and the appellant then returned to the Todd Apartments where the appellant's wife was visiting in the apartment of Dees' sister. Witnesses at the apartment testified that the men came in, appeared to be drunk and were in a hurry to leave, saying they had hurt someone very badly. Dees and the appellant packed up some clothes and left with the appellant's wife. They drove as far as Tennessee and returned to Georgia.

Dees turned himself in, confessed to the murder and robbery of Hendrix, and went with the police to the church where they then found the body. His statement also led to the arrest of the appellant who was apprehended in Clinch County. After being advised of his Miranda rights, he chose to remain silent. He was transferred to Bulloch County by GBI Agent Butler who had read him his rights.

Agent Butler testified that the appellant asked him if anyone else was under arrest and when told Dees was in custody, he made a statement to Butler. Appellant stated, and later testified at trial, that it was Dees who got into a fight with the victim and that he himself never struck the victim. He denied taking any money from the victim and testified that it was Dees who broke into the service station, although at trial he admitted helping Dees break open the door at the station. He further admitted at trial that he helped hide the body and drove with Dees to Tennessee before returning to Georgia.

1. In his first enumeration of error, the appellant complains that the trial court did not provide a full evidentiary hearing on the voluntariness of his confession as required by Jackson v. Denno, 378 U. S. 368 (1964). A Jackson-Denno hearing was held out of the presence of the

jury. The state's evidence showed that appellant had been advised of his Miranda rights and no promises or threats were made to induce the statement. GBI Agent Butler, to whom the statements were made, testified that although Pittman had been drinking, he was coherent and rational at the time the statement was given. After the cross examination of Butler, the judge ruled the statement admissible over the objection of defense counsel who wished to place the defendant on the stand to testify that he was intoxicated and not coherent when the statement was made. The trial court would not allow the defendant to testify out of the presence of the jury.

We have held that under these circumstances, a hearing at which the defendant is not allowed to present testimony on the surrounding circumstances affecting the voluntariness of his statements does not meet the standards of Jackson v. Denno. *Pierce v. State,* 238 Ga. 126 (231 SE2d 744) (1977). Pursuant to *Pierce* and *Lawrence v. State,* 241 Ga. 36 (243 SE2d 78) (1978), we returned the case to the trial court in order that a complete Jackson-Denno hearing be held as to the totality of the circumstances surrounding the statements.

A hearing was held at which Agent Butler again testified for the state, and the appellant was allowed to testify and call witnesses. Appellant's mother and brother testified that five days before the statement in question was made, they were with him and he had been drinking heavily. They testified that he holds his liquor well, that he can be drunk and not stagger around. His father testified that Roy had been with him the day of the arrest and statement and the day before. He stated that they had been drinking heavily during that time.

The appellant also testified he drank a lot on the day of his arrest. He testified that Butler read him his rights and that he understood his rights and knew he could waive them. However, he stated that he did not remember giving a statement to Butler concerning the murder of Hendrix or related to Dees.

Appellant enumerates as error the failure of this court to allow an extension of time so that he could find and subpoena additional witnesses for the Jackson-Denno hearing. He specifically states he was unable to locate two

individuals who were with the appellant and his father the two days prior to the arrest, and that their testimony would further support the amount of alcohol the men had been drinking. We find no error. Agent Butler testified at both hearings that it was evident the appellant had been drinking, but that he was rational and coherent when the statement was made. Since all the evidence indicated the appellant had been drinking before his arrest, the testimony of additional witnesses to that fact would merely be cumulative.

Appellant also contends that the trial court did not allow him to fully cross examine Agent Butler relating to his knowledge of the effect of alcohol and other testimony regarding the statement. Reviewing the transcript we find that those areas were extensively covered in the first hearing before the same judge and as no objections were then made or raised on appeal, there is no error. Reviewing all of the evidence before the trial court, we hold that even though the appellant had been drinking, the judge was authorized to find he was coherent and rational and that the statement was given knowingly and voluntarily. See *Tanner v. State,* 242 Ga. 437 (249 SE2d 238) (1978); *Allen v. State,* 231 Ga. 17 (200 SE2d 106) (1973). Looking at the totality of the circumstances, the statement was properly submitted to the jury.

2. Enumerations 2 and 3 assert that the state's evidence failed to show that the acts of the appellant proximately caused the death of the victim and did not support the contention that he was a party to the crime of murder. Medical testimony put the cause of death as a shotgun wound to the head. Dees, the alleged accomplice, was admitted by all to be the one who actually shot the victim. The state proceeded against the appellant on the theory that he was a party to the crime under Code § 26-801(a). Under this theory it is not necessary to show that he actually struck a fatal blow.

The state proved that the appellant and Dees spent the day of the crime together. They drove with the victim in the appellant's car to the church where the crime took place. The appellant himself testified he was present, that he aided in hiding the body, drove Dees to a creek to dispose of the gun and that they fled together as far as

Tennessee. He further admitted helping Dees break into the service station of the victim's uncle immediately after the shooting. There was no attempt made by him to report the shooting.

Dees testified that the appellant took money from the victim's wallet and later stated that $5 wasn't much money for what they had done. Witnesses who were at the Todd Apartments when Dees and the appellant came to pack their belongings testified that both men appeared to have blood on their clothes and that the appellant said "*We* hurt a man, and *we* hurt him bad." (Emphasis supplied.)

The evidence of the conduct before, during and after the crime was sufficient for a jury to find him a participant. *Jones v. State,* 242 Ga. 893 (252 SE2d 394) (1979). The evidence of the appellant's conduct before and after the crime also sufficiently corroborates the testimony of his accomplice, Dees. *Drake v. State,* 241 Ga. 583 (247 SE2d 57) (1978). The sufficiency of the corroboration was also properly submitted to the jury. *Brown v. State,* 232 Ga. 838 (209 SE2d 180) (1974).

3. Appellant's fourth contention is that his character was improperly placed in issue when the judge allowed two witnesses who were with the appellant at the Todd Apartments just prior to the crimes to testify that the appellant stated he knew where he could get a lot of money, and he was going to get it, and made reference to $20,000 in a branch bank. This evidence did not show evidence of another specific crime but was relevant to show his bent of mind on the evening the crimes he was charged with occurred. *Johnson v. State,* 242 Ga. 649 (250 SE2d 394) (1979); *Phillips v. State,* 148 Ga. App. 174 (251 SE2d 128) (1978). Relevant evidence is admissible even though it may reflect on the character of the accused. *Lenear v. State,* 239 Ga. 617 (238 SE2d 407) (1977).

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 16, 1979 — DECIDED MARCH 13, 1980.

*Frank J. Petrella,* for appellant.
*J. Lane Johnston, District Attorney, William T.*

*Hankins, III, Assistant District Attorney, Arthur K. Bolton, Attorney General, Mary Beth Westmoreland, Staff Assistant Attorney General,* for appellee.