## 40286. CARPENTER v. THE STATE.

CLARKE, Justice.

Appellant Carpenter was retained as counsel by Michael J. Grassi, Jr., who, along with ten co-defendants, was arrested for possession with intent to distribute more than 14,000 lbs. of marijuana. Hirsch Friedman, an attorney who had previously worked with Carpenter and who was engaged by the Georgia Bureau of Investigation, the Atlanta Police Department and the Federal Bureau of Investigation to work undercover, met with Carpenter on several occasions to discuss the case and to discuss particularly the proposed bribery of James Bradley, the assistant district attorney in charge of its prosecution. Tapes were made of these meetings over a three month period. In addition, one meeting was videotaped and

another observed by an officer of one of the law enforcement agencies involved. Carpenter was tried for attempted bribery of Bradley.

Prior to trial, in addition to a motion to suppress, numerous motions for production of statements and documents were made. All motions were denied except the motion for copies of defendant's statements and crime lab reports. At trial, the state presented tape recordings of meetings and telephone conversations. Bradley was not called to testify. Carpenter's tape expert testified that although he had not had time to look at them thoroughly, in his opinion they had been tampered with. Carpenter conceded that except for a few spots the tapes accurately represented the conversations. Carpenter was convicted and sentenced to serve 6 years and pay $5,000 court costs. The Court of Appeals affirmed Carpenter's conviction at *Carpenter v. State,* 167 Ga. App. 634 (307 SE2d 19) (1983).

We granted certiorari to consider: (1) whether the trial court erred in refusing to order the original tape recordings of conversations between Carpenter and Friedman turned over to Carpenter's expert for analysis, and (2) whether the trial court erred in failing to grant Carpenter's motion for in camera inspection of material in the prosecutor's file.

1. In *Sabel v. State,* 248 Ga. 10 (282 SE2d 61) (1981) cert. denied 454 U. S. 973, we held that "[a] criminal defendant on trial for his liberty is entitled on motion timely made to have an expert of his choosing, bound by appropriate safeguards imposed by the court, examine critical evidence whose nature is subject to varying expert opinion." Id. at 17-18. The Court of Appeals found in this case that the motion was timely made and that the evidence was subject to varying interpretations. Finally, the Court of Appeals found that examination of the tapes by defendant's expert was unnecessary because the evidence was not critical but merely cumulative. In White v. Maggio, 556 F2d 1352 (5th Cir. 1977), the court found that " '[c]ritical evidence', for purposes of the due process clause, is evidence that, when developed by skilled counsel and experts, could induce a reasonable doubt in the minds of enough jurors to avoid a conviction." Id. at 1357-58. In White v. Maggio the evidence found to be critical was bullets extracted from the body of the victim at autopsy. Although the state relied on eyewitness testimony and an inculpatory statement by defendant, the court considered the probative value of both the testimony and the statement subject to attack. Since the court found that the case would fall apart without the link which the bullets provided to defendant's gun, the bullets constituted critical evidence.

In the present case the tapes were but one piece of evidence in the state's case, which included testimony of officers who had heard

the taped conversations by way of an FM transmitter, a videotape of one conversation, and written notes between appellant and parties to the various conversations. Thus the tapes were not critical but merely cumulative evidence, and the Court of Appeals was correct in finding no error in the trial court's refusal to allow an independent examination by Carpenter's expert. Cf. Gray v. Rowley, 604 F2d 382 (5th Cir. 1979), cert. den. 445 U. S. 944. Further, defendant himself testified that the tapes, with one or two exceptions, reflected what was said at the meetings.

2. Carpenter requested an in camera inspection of the prosecutor's files to determine whether exculpatory evidence concerning a reward of some sort to Friedman existed. The prosecutor stated in his place that no exculpatory evidence was contained in the material not already released to Carpenter. He stated that the only unreleased material consisted of attorney work product and investigative reports of law enforcement agencies. Finally, he stated that he had no objection to an in camera inspection. The court refused to make such an inspection, and our task on certiorari is to determine whether that refusal constituted error under our cases, particularly *Tribble v. State,* 248 Ga. 274 (280 SE2d 352) (1981). In *Tribble,* we held "In summary, . . . a) [t]he trial court is not required to conduct an in camera inspection under a 'general' Brady motion. b) After the state has made its response to the motion, the defendant may request an in camera inspection, and the trial court must comply with this request. c) The same rules apply with respect to a 'specific' Brady motion." Id. at 276.

Under our holding in *Tribble,* the trial court was obliged to conduct an in camera inspection after proper request from the defendant. The failure of the court to comply with the request does not, however, automatically require reversal. Following the grant of certiorari we directed the trial court to conduct a post-conviction examination of the material in the prosecutor's file. In compliance with this order, the trial court held a hearing at which the prosecutor stated that he had no objection to the defendant's reviewing the state's entire file. The defendant examined the file and presented three items to the court for a review as to their exculpatory nature. The items were (1) a certified arrest warrant for Hirsch Friedman on a charge of theft by taking; (2) evidence inventory lists compiled by the Georgia Bureau of Investigation; and (3) tapes and transcript of a conversation between Hirsch Friedman and a third party about matters which appear unrelated to this case. The arrest warrant was later withdrawn. The trial court found, and we agree, that none of this evidence is exculpatory. Appellant continued to insist that a law enforcement agent who testified at his trial made reference to case

notes kept by some agent. Since these notes were not in the file or the inventory and since defendant was unable to identify the agent who allegedly kept them, we agree with the trial judge that the prosecutor had no duty to produce them, if indeed they exist.

After post-trial examination the trial court found no exculpatory material not revealed at trial. The inspection having been made, the conviction will not be reversed for failure of the court to conduct an in camera inspection. *Rini v. State,* 235 Ga. 60 (218 SE2d 811) (1975), cert. den. 429 U. S. 924.

*Judgment affirmed. All the Justices concur, except Smith, J., who dissents as to Division 1 and the judgment. Bell, J., disqualified.*

DECIDED JANUARY 25, 1984 —
REHEARING DENIED FEBRUARY 9, 1984.

*Bobby Lee Cook, J. Dunham McAllister,* for appellant.
*Robert E. Keller, District Attorney,* for appellee.