41875. ATKINS v. THE STATE.
(331 SE2d 597)

CLARKE, Justice.

We granted cert. to consider whether a child under the age of eighteen can give a valid consent to search his mother's house. The Court of Appeals in *Atkins v. State* 173 Ga. App. 9 (325 SE2d 388) (1984), found the consent to be valid. We hold that a minor may give consent, but we find that not all the necessary elements for giving consent were established at the suppression hearing. We therefore remand for a more complete hearing.

Three police officers went to the home of appellant after receiving tips that he had stolen some tools, an air compressor, and some plumbing equipment from the McDonough Housing Authority Workshop. The officers did not believe that they had sufficient probable cause to obtain a search warrant and hoped to obtain consent to search the home which he shared with his mother and seventeen-year-old half brother Thomas Lassiter. The Assistant Chief of Police of the McDonough Police Department went to the door, sending the two other officers to the back and side yards of the house. At the motion to suppress hearing he stated that he did this because appellant "took a swing" at him on another occasion. Thomas Lassiter came to the door and gave an oral consent to search. Almost simultaneously with the oral consent the officer in the backyard discovered the stolen items. At some point after giving the oral consent to search Thomas executed a written waiver.

Appellant argues that we should establish a rule that as a matter of law a minor may not give a valid consent to search. We refuse to lay down a per se rule, finding that the validity of the consent is bet-

ter determined on a case-by-case basis. Further, we find that the Court of Appeals correctly identified the factors which should be considered in making a determination as to validity: the minor's age, address, right of access, and right of invitation. As suggested by the Court of Appeals, an analysis of these factors will indicate the minor's relationship to the premises or effect sought to be inspected, which is the fundamental consideration in any third party consent search. "[W]hen the prosecution seeks to justify a warrantless search by proof of voluntary consent, it is not limited to proof that consent was given by the defendant, but may show that permission to search was obtained from a third party who possessed common authority over or other sufficient relationship to the premises or effects sought to be inspected." *United States v. Matlock*, 415 U. S. 164, 171 (94 SC 988, 39 LE2d 242) (1974).

Appellant argues that even if a per se rule is not adopted and even if the Court of Appeals' formula is accepted, the only evidence in the record relevant to this formula is that Thomas was believed to be seventeen years old and lived on the premises. His right of access and right of invitation were not established.

Although we now find that two crucial elements of the test of a valid consent were not established, reversal is not required. Rather, this case will be remanded to the trial court for a new suppression hearing. Cf. *Baker v. State*, 250 Ga. 187 (297 SE2d 9) (1982) (case remanded for a hearing as to competency to stand trial); *Pittman v. State*, 245 Ga. 453 (265 SE2d 592) (1980) (case remanded for Jackson-Denno hearing); *Carpenter v. State*, 252 Ga. 79 (310 SE2d 912) (1984) (case remanded for in camera inspection of documents).

The case is hereby remanded to the Court of Appeals with direction that it be remanded to the trial court for a hearing on the validity of the search. Upon completion of the proceedings on remand, the judgment may be subject to a right of appeal from the rulings made.

*Judgment affirmed and case remanded with direction. All the Justices concur, except Marshall, P. J., and Smith, J., who dissent. Weltner, J., disqualified.*

HILL, Chief Justice, concurring.

I concur in the opinion of the court. I write separately to point out that although "When a prosecutor seeks to rely upon consent to justify the lawfulness of a search, he has the burden of proving that the consent was, in fact, freely and voluntarily given," *Bumper v. North Carolina*, 391 U. S. 543, 548 (88 SC 1788, 20 LE2d 797) (1968), the opinion in the case now before us does not determine whether the state or the defendant has the burden of producing evidence as to the minor's right of access and right of invitation.

MARSHALL, Presiding Justice, dissenting.

I would affirm without remand. *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983).

SMITH, Justice, dissenting.

The majority initially provides an accurate assessment of the factors necessary to a finding of a valid third-party consent search. The majority, though, remands this case to the trial court so that the state may establish the right of access and right of invitation on the part of the third party for the sole reason that the state failed to do so at the initial hearing. This action is unsupported by precedent and violates the double jeopardy clause of the state and federal constitutions.

The majority states, "We find that not all the necessary elements for giving consent were established at the suppression hearing." *Appellant* certainly would not want to establish the elements for a valid consent at the initial hearing or upon remand. The fact that the failure to establish all the elements leads the majority to remand the case shows that the state, not appellant, has failed to carry the burden of persuasion. The state also, of course, bears the ultimate burden of proof in a suppression hearing. OCGA § 17-5-30.

At the suppression hearing in this case, the state had the opportunity to establish the third party's right of access and right of invitation, "two crucial elements of the test of a valid consent." The majority, upon finding that neither party has produced evidence as to either factor, remands the case. Where a party who has the burden of producing evidence fails to do so through his fault alone, absent procedural error, fundamental fairness dictates that he should not be given a second chance.

When that party is the state in a criminal case, double jeopardy becomes involved. The United States Supreme Court, in *Ashe v. Swenson*, 397 U. S. 436 (90 SC 1189, 25 LE2d 469) (1970), found the doctrine of collateral estoppel to be embodied in the double jeopardy clause of the Fifth Amendment. The court held, "[This] means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." Id. at 443.

"The single rationally conceivable issue"[1] in this bench trial was whether the evidence involved should be suppressed. This court has found the evidence insufficient to affirm the trial court's denial of the motion to suppress.[2] Neither the parties nor the court cites any proce-

---

[1] Id. at 445.

[2] All of the "[f]actors supporting a conclusion that a decision is final . . . exist with respect to the granting [or denial] of the motion to suppress." *United States ex rel. Di Giangiemo v. Regan*, 528 F2d 1262, 1265 (2nd Cir. 1975). These factors include a full hearing, a

dural infirmity in the motion hearing. As the issues involved are factors to be considered "in any third party consent search," this case presents no new rules of law for the court to consider upon remand. An "issue of ultimate fact has been determined by a valid and final judgment," and the majority errs in remanding the issue for relitigation.

The cases cited as authority for the majority's action all involve situations where the defendant in a case was denied the opportunity to present evidence, examine evidence, or have evidence examined under constitutionally mandated procedures.[3] In this case no one has shown insufficient procedure, only insufficient evidence. This case exceeds the bounds of the precedent cited. For these reasons, I would reverse.

DECIDED JULY 8, 1985 —
REHEARING DENIED JULY 26, 1985.

*Crumbley & Crumbley, Wade M. Crumbley,* for appellant.
*E. Byron Smith, District Attorney,* for appellee.

---

reasoned opinion supporting the court's decision, and the availability of appeal or actual review on appeal. Id. See also *Cook v. State,* 141 Ga. App. 241 (233 SE2d 60) (1977).

[3] In *Pittman,* supra, infirm *procedure* at a motion hearing, led to a remand. *Baker,* supra, involved faulty *procedure,* in that the trial court denied appellant a hearing at which he could have presented evidence on the issue of competence to stand trial. *Carpenter,* supra, also involved infirm *procedure* as the trial court refused to conduct an in-camera inspection pursuant to a *Brady* motion. None of these cases involved insufficient evidence.