72408. FEW v. THE STATE.
(345 SE2d 643)

BANKE, Chief Judge.

The appellant was indicted and tried for child molestation and aggravated assault. A jury found him guilty on both counts, but the trial court, evidently concluding that the offenses merged under the evidence, sentenced him only for child molestation. On appeal, the appellant's appointed counsel filed a motion to withdraw pursuant to the procedure set forth in *Anders v. California*, 386 U. S. 738 (87 SC 1396, 18 LE2d 493) (1967); and, following a careful examination of the record and transcript, this court previously concluded that the appeal was frivolous and granted the motion. We now address certain contentions set forth in a pro se brief and enumeration of errors filed by the appellant. *Held*:

1. The evidence was amply sufficient to enable a rational trier of fact to find the appellant guilty of child molestation beyond a reasonable doubt. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State*, 245 Ga. 89 (1) (263 SE2d 131) (1980). It follows that the trial court did not err in refusing to direct a verdict of acquittal on that count.

2. The appellant contends that the charge of aggravated assault was defective in that it was based on an alleged assault with intent to rape (OCGA § 16-5-21 (a) (1)), whereas the evidence showed that he had used a knife, thus establishing the commission of aggravated assault by use of a deadly weapon (OCGA § 16-5-21 (a) (2)). Having

reviewed the transcript, we believe the evidence was sufficient to have supported a conviction of aggravated assault under either theory. However, since the trial court did not enter a conviction on the aggravated assault count, the appellant's contention in this regard is moot in any event.

3. The appellant contends that if the evidence established the commission of only one offense, then the trial court erred in submitting both counts of the indictment to the jury. This contention is without merit. Even assuming for the sake of argument that, under the facts of this particular case, the charge of child molestation should have been considered a lesser included offense in the charge of aggravated assault, it does not follow that the state was required to elect between them. Pursuant to OCGA § 16-1-7 (a), where the same conduct of an accused establishes the commission of more than one crime, he may be prosecuted for each such crime, provided that a conviction is entered on only one of them. See *Green v. State*, 170 Ga. App. 594 (1) (317 SE2d 609) (1984).

4. The appellant's contention that the court's failure to convict him on the aggravated assault count was inconsistent with the entry of a conviction on the child molestation count is without merit. We note, however, that to the extent that this contention evinces dissatisfaction with the court's decision not to enter a sentence on the aggravated assault count, we would be more than willing to remedy the situation were it not for the legal principle that an appellant may not obtain appellate review of a favorable ruling. See generally *Stone v. State*, 158 Ga. App. 511 (281 SE2d 278) (1981).

5. The evidence did not demand a ruling that either the 12-year-old victim or the appellant's 12-year-old daughter, who testified for the state as an eyewitness to the offense, were incompetent to testify. See generally *Cain v. State*, 144 Ga. App. 249, 250 (2) (240 SE2d 750) (1977).

6. The record fails to establish that the trial court made any comment or took any action reflecting bias or prejudice towards the appellant.

7. The appellant's bare assertion that his trial counsel "failed to bring out important facts that would have been favorable to [his] case" is insufficient to establish ineffectiveness of counsel, absent some indication of what these additional facts might have been. See generally *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984).

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED MAY 12, 1986 —
REHEARING DENIED MAY 22, 1986.

George Few, *pro se.*
*E. Byron Smith, District Attorney,* for appellee.