### 73675. HILL v. THE STATE.
(360 SE2d 4)

BEASLEY, Judge.

Defendant was charged in a seven-count indictment for acts committed on his eleven-year-old daughter on three days within a 9-day period: rape (OCGA § 16-6-1), aggravated sodomy (OCGA § 16-6-2 (a)), and child molestation (OCGA § 16-6-4 (a)) on September 18,

1985; cruelty to children (OCGA § 16-5-70 (b)) on September 25; child molestation, aggravated child molestation (OCGA § 16-6-4 (c)), and statutory rape (OCGA § 16-6-3) on September 26. He was acquitted of rape and convicted of the remaining counts. The appeal is from the denial of the motion for new trial.

1. Defendant first contends that the jury's verdict of not guilty of rape is repugnant to and inconsistent with the verdicts of guilty for aggravated sodomy and child molestation, involving the September 18 incident. The inconsistent verdict rule has been abolished in Georgia and this ground is without merit. *Milam v. State*, 255 Ga. 560, 562 (2) (341 SE2d 216) (1986), decided March 1986 before a ruling on defendant's motion for new trial; see in this connection *Williams v. State*, 213 Ga. 221, 222 (1) (98 SE2d 373) (1957); see also *Parker v. Mooneyham*, 256 Ga. 334 (349 SE2d 182) (1986). Moreover, the elements of each of the three crimes charged are different, and the conduct related to each, as evidenced in this case, is also different, distinct, and separate. Thus there is no inconsistency in the first place.

2. Defendant moved to suppress magazines, including Playgirl and Hustler, found during a search of his business, L. C.'s Bargain Store. The motion, based on the contention that the consent to search was coerced, was denied and the evidence was admitted.

After defendant was arrested on the night of September 27, he was fully advised of his *Miranda*[1] rights at the Henry County Sheriff's office. A Butts County officer had taken him there in order to return a Henry County officer who assisted in the arrest and to attempt to question defendant. Defendant indicated he wanted a lawyer and the officer told defendant they could take care of that upon reaching Butts County. No questioning occurred at this time. The officer testified that upon arrival in Butts County, he gave defendant the opportunity to use the telephone, but defendant said he did not want to. It was at this point that the officer asked defendant if he would consent to the search of the store and defendant signed the consent form which is relied upon by the state to justify the warrantless search of the store. The key was obtained from defendant.

The basis of illegality asserted in the motion to suppress is the fourth amendment to the federal constitution. Defendant argues that since his request for counsel was not honored before the consent to search form was signed, this shows that the consent was coerced rather than voluntary.[2]

---

[1] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

[2] Note should be made of the questions not involved in this appeal. Nothing said by the defendant during his giving of consent to the search was introduced before the jury. Thus, this is not a situation involving *Edwards v. Arizona*, 451 U. S. 477 (101 SC 1880, 68 LE2d 378) (1981). It should be noted that even in the context of the fifth amendment, the courts of

In the fourth amendment context, "[w]here the state seeks to justify a warrantless search on grounds of consent, it 'has the burden of proving that the consent was, in fact, freely and voluntarily given.' [Cit.] A valid consent eliminates the need for either probable cause or a search warrant. [Cit.] The voluntariness of a consent to search is determined by looking to the 'totality of the circumstances,' *Schneckloth v. Bustamonte*, 412 U. S. 218, 219 (93 SC 2041, 36 LE2d 854) (1973), including such factors as the age of the accused, his education, his intelligence, the length of detention, whether the accused was advised of his constitutional rights, the prolonged nature of questioning, the use of physical punishment, and the psychological impact of all these factors on the accused. In determining voluntariness, no single factor is controlling." *Dean v. State*, 250 Ga. 77, 79 (2a) (295 SE2d 306) (1982).

The record of the motion to suppress hearing shows that the trial court evaluated these factors and determined that the consent was voluntarily given to search the store. On appeal, the trial court's ruling on disputed facts and credibility must be accepted unless clearly erroneous. *Muff v. State*, 254 Ga. 45, 48 (326 SE2d 454) (1985). Even accepting the fact that the consent was obtained after defendant indicated a desire to have counsel before questioning, that alone would not be enough to mandate a finding of coercion of the consent for the search. For one thing, defendant had declined the invitation to use the phone. For another, he said he had nothing to hide. Considering all the evidence in this regard, there was no error in finding that the circumstances were such that the consent was voluntary. *Thompson v. State*, 248 Ga. 343, 344 (2) (285 SE2d 685) (1981); *Wilson v. State*, 179 Ga. App. 780, 781 (1) (347 SE2d 709) (1986); *Noland v. State*, 178 Ga. App. 486, 488 (2) (343 SE2d 763) (1986). Nor does the fact he was in custody demand a finding of involuntariness. *Howard v. State*, 144 Ga. App. 208, 210 (2) (240 SE2d 908) (1977); *Davis v. United States*, 328 U. S. 582 (66 SC 1256, 90 LE 1453) (1945).

3. During the trial, numerous items and photos were introduced over defendant's objections, including the following: exhibits #4, false glasses with a penis shaped rubber nose; #6, a collection of photos of nude adults and children, otherwise unidentified; #7, The Best of Playgirl Magazine; #8, Hustler Magazine; #9, The Sex Book; #10-12, nude photos of defendant; #13, Harvey Magazine; #14, Bound to Serve Magazine; #15, Cheating Wives Magazine; and #16, two pictures, one depicting an act of sodomy and one an act of bestiality. On

---

this state and the Supreme Court of the United States have refused to extend the exclusionary rule to the fruits of a tainted *Miranda* statement. *Michigan v. Tucker*, 417 U. S. 433 (94 SC 2357, 41 LE2d 182) (1974); see *Wilson v. Zant*, 249 Ga. 373, 377 (1) (290 SE2d 442) (1982).

appeal, defendant claims that the evidence should not have been admitted on the ground that it was so inflammatory as to deprive him of a fair trial. A review of the trial transcript shows that this objection was made only with regard to exhibits ##7, 8, 9, 13, 14, 15, and 16. Thus, only the objections to these exhibits are before us for consideration. *Turner v. State*, 181 Ga. App. 531 (353 SE2d 13) (1987).

The victim testified that defendant showed her various magazines depicting sexual acts during his molestation of her and that he kept the pictures and magazines in the house and at his store and had also shown the pictures to her. The trial court instructed the jury that these materials were introduced solely to indicate the state of mind of the defendant with regard to the charged sexual crimes.

Magazines depicting natural and unnatural sex acts and devices and paraphernalia for sexual stimulation can have a tendency to show a bent of mind toward similar sexual activity and are relevant and admissible for that purpose. *Tyler v. State*, 176 Ga. App. 96, 99 (1) (2) (335 SE2d 691) (1985). This is true even when some of the acts depicted may inflame the jury. See *Goss v. State*, 255 Ga. 678, 680 (1) (341 SE2d 448) (1986). There was no error committed in admitting this evidence.

4. At the close of the state's case, defendant made a motion for directed verdict, claiming that the offenses charged in Counts 5 & 6 merged into Count 7. The court refused to so rule at that time and advised counsel to bring the matter up again if defendant was convicted. This was a correct ruling. *Few v. State*, 179 Ga. App. 166, 167 (3) (345 SE2d 643) (1986); *Green v. State*, 170 Ga. App. 594 (1) (317 SE2d 609) (1984).

At the sentencing hearing, defendant did renew his arguments concerning Counts 2 & 3. No motion concerning Counts 5, 6, & 7 was made at the sentencing. The motion for new trial contained as a ground the failure of the court to grant the merger motion as to Counts 2 & 3 and a claim that defendant was entitled to have his conviction on Counts 5 & 6 set aside as merged into Count 7. Defendant also contended that he was entitled to a new trial on Counts 2 & 7 due to the merger argument. No motion in arrest of judgment as to Counts 5, 6, & 7 was made. See OCGA §§ 17-9-60 & 17-9-61; *Lacey v. State*, 253 Ga. 711 (324 SE2d 471) (1985).

"Appellate courts review enumerations for correction of errors of law committed by the trial court — where motions or objections are properly presented for a ruling by the trial court. [Cit.] Enumerated errors which raise issues for the first time in a motion for new trial or on appeal present nothing for review. [Cit.]" *Fowler v. State*, 155 Ga. App. 76 (2) (270 SE2d 297) (1980); see *Pulliam v. State*, 236 Ga. 460, 465 (224 SE2d 8) (1976) cert. denied, 428 U. S. 911, reh. denied, 429 U. S. 874. No error having been made by the trial court in denying

the motion for directed verdict as to Counts 5, 6, & 7, and no further motion or objection having been made by defendant in this regard, there is nothing for this Court to review as to these counts.

As to Counts 2 & 3, the argument made by defendant at his sentencing was that Counts 2 & 3 should be "stricken" because it would be inconsistent for the court to sentence him on those counts in that the jury returned a not guilty verdict on the rape count (Count 1). To the extent that this is an argument based on inconsistent verdicts, see Division 1.

Defendant argued that the events in Counts 2 & 3 were "one continuous series of acts. . . ."

Defendant reiterates this argument in the motion for new trial as being that "Count 3 merged with the aggravated sodomy in Count 2, . . . Count 3 being a crime that is included in the other crime charged in Count 2." This argument also fails.

Count 3 charged a violation of OCGA § 16-6-4 (a), child molestation, in that defendant on September 18 had his daughter masturbate him with the intent to arouse his sexual desires. The evidence was that the mother witnessed the defendant direct the daughter to take his penis in her hands and told the child to "jack him off." Count 2 charged that on the same day, defendant placed his penis in the child's mouth with force and against her will, in violation of OCGA § 16-6-2 (aggravated sodomy). These events occurred sequentially.

OCGA § 16-1-7 (a) provides that "[w]hen the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if: (1) One crime is included in the other; or (2) The crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct."

OCGA § 16-6-4 (a) is not a lesser included offense of OCGA § 16-6-2, as a matter of law, under either OCGA § 16-1-6 (a) (2) or OCGA § 16-1-7 (a). In order to analyze whether it is merged as a matter of fact in this case, the specifics of the indictment must be kept in mind. The defendant was charged with two very specific sexual acts, one of which is prohibited because of the age of the child involved while the other is prohibited because of the nature of the act, regardless of the consent or age of the other participant. While it is possible that an indictment could have been drawn in which the facts supporting the molestation would have included the acts amounting to sodomy, such was not done here. As the charge was drawn, the child molestation was proved without any reference to the act of sodomy and was factually and legally separate and distinct and different from it. *Haynes v. State*, 249 Ga. 119, 120 (288 SE2d 185) (1982); *State v. Estevez*, 232 Ga. 316 (206 SE2d 475) (1974).

The cases cited by defendant in this regard do not require a different result. In *McCranie v. State*, 157 Ga. App. 110 (276 SE2d 263) (1981), the same act of sexual intercourse was the basis for charging both statutory rape and incest. The court there found merger as a matter of fact. Likewise, in *Coker v. State*, 164 Ga. App. 493 (3) (297 SE2d 68) (1982), the accused was charged with child molestation and statutory rape for the same act. Again the court found merger as a matter of fact.

The indictment as drawn supports conviction and sentence for both aggravated sodomy and child molestation. See *Copeland v. State*, 160 Ga. App. 786, 789 (11) (287 SE2d 120) (1981); *McCollum v. State*, 177 Ga. App. 40 (338 SE2d 460) (1985).

5. Finally, defendant claims the trial court erred in failing to give, upon request, the much maligned and questioned "two theories" principle. Since the charges here were proven by direct evidence, the victim's testimony as well as the mother's eyewitness report, the evidence was not solely circumstantial and the charge was not appropriate. *Robinson v. State*, 180 Ga. App. 43, 51 (7), rev'd on other grounds 256 Ga. 564 (350 SE2d 464) (1986); *Lee v. State*, 177 Ga. App. 8 (2) (338 SE2d 445) (1985).

*Judgment affirmed. McMurray, P. J., concurs. Sognier, J., concurs in the judgment only.*

DECIDED MAY 21, 1987 —
REHEARING DENIED JULY 14, 1987.

*Alfred D. Fears, William P. Bartles*, for appellant.
*E. Byron Smith, District Attorney, Thomas R. McBerry, Assistant District Attorney*, for appellee.