## 74735. ANTHONY v. THE STATE.
(363 SE2d 171)

BEASLEY, Judge.

Defendant was convicted of trafficking in cocaine (OCGA § 16-13-31 (a) (1)) and appeals on the sole ground that the denial of his oral motion in limine, made at the commencement of trial concerning a prior Kansas conviction of conspiracy to sell cocaine, was error. The state had notified defendant after arraignment of its intention to introduce evidence of the earlier occurrence.

The motion contended that the 1981 conviction, based on an undercover agent's purchase of cocaine arranged by defendant, was not similar to the 1986 trafficking charge on trial, which was based on defendant's possession of nearly 800 grams of pure cocaine found in his suitcase in the trunk of a borrowed automobile. See *Bacon v. State*, 209 Ga. 261 (71 SE2d 615) (1952).

It is not necessary, however, to determine whether the proof complied with *Bacon* and the cases developing the principle since. The earlier incident was shown at trial not only by the introduction of a copy of the Kansas information and conviction, the subject of the motion in limine; it was also admitted by defendant in a conversation with the officers at the time of the traffic stop. The making of this statement was not contested by defendant, but its exclusion was sought solely on the same ground as the conviction itself had been objected to in the motion.

We consider the statement first. Defendant was stopped for erratic driving by a state trooper, who then obtained defendant's consent to search the car. Defendant claimed not to have a key to the trunk of the car, and the trooper had decided to tow the car in so that a key could be made. At this point, the trooper was discussing this with another officer, who asked defendant if he had ever been arrested before. Defendant stated that he had, for conspiracy to distribute cocaine.

Defendant's defense to the present charge was that the person

from whom he borrowed the car had placed the suitcase with the cocaine in the trunk and he was unaware of its presence. The state thus wished to show the previous conviction, both through the statement of defendant and the information and conviction, to show knowledge and intent.

While evidence of another crime is generally inadmissible, "where such evidence of other criminal transactions is a part of the res gestae or tends to show motive, or to show a course of conduct pointing toward and leading to the crime or to the concealment of the crime or the identity of the perpetrator thereof, such evidence is admissible as an exception to this general rule." *Spurlin v. State*, 228 Ga. 2, 5 (4) (183 SE2d 765) (1971); *Graham v. State*, 171 Ga. App. 242, 254 (14) (319 SE2d 484) (1984).

All of the circumstances connected with the arrest of a defendant, including any statements made by him, are admissible. *Bixby v. State*, 234 Ga. 812, 813 (1) (218 SE2d 609) (1975); *Turner v. State*, 178 Ga. App. 274 (3) (342 SE2d 759) (1986); *Scott v. State*, 172 Ga. App. 725, 726 (1) (324 SE2d 565) (1984).

This being so, the copies of the Kansas information and conviction become merely cumulative of otherwise admissible evidence, and its allowance in the face of the objection made was not error. OCGA § 24-1-1 (2); *Carpenter v. State*, 252 Ga. 79, 80 (1) (310 SE2d 912) (1984).

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 17, 1987.

*Bobby Lee Cook, Jr.*, for appellant.
*David L. Lomenick, Jr., District Attorney*, for appellee.