## 76379. LAZARZ v. THE STATE.
(369 SE2d 355)

CARLEY, Judge.

Appellant was convicted of possession of cocaine. He appeals from the judgment of conviction and the sentence entered by the trial court on the jury's verdict. The denial of his motion to suppress is appellant's sole enumeration of error.

Appellant was eventually arraigned on July 13, 1986, after a bench warrant had been issued for his arrest for his failure to have appeared at his scheduled arraignment. Appellant was thereafter granted a ten-day extension for the filing of all motions, the time for the filing of motions under Uniform Superior Court Rule 31.1 having already expired. Appellant subsequently filed his first motion to suppress, which was dismissed by the trial court "as insufficient and inadequate on its face." Appellant enumerates no error with regard to the dismissal of this motion. Instead, appellant's enumeration of error relates to his second motion to suppress which he filed in October of 1986, over three months after appellant's arraignment and the entry of his written plea of not guilty. The trial court concluded that appellant's second motion to suppress should be denied on two bases. First, the trial court found that it had been untimely filed. Second, the trial court also concluded that, under the totality of the circumstances, the asserted grounds of the motion lacked merit. In its order, the trial court concluded that either the untimeliness of the motion or its lack of merit would, standing alone, compel its denial. Appellant enumerates the denial of his second motion to suppress as error. Appellant urges only that the trial court erroneously concluded that the motion lacked merit. He enumerates no error as to the trial court's ruling that the untimeliness of the filing of the motion was an additional basis for its denial.

The trial court's finding as to the untimeliness of appellant's second motion to suppress would, if correct, be a sufficient reason, in and of itself, for the denial of the motion. The trial court's holding in that

regard is not enumerated as error and appellant thus concedes the correctness of that ruling. Accordingly, the trial court did not err in denying appellant's motion to suppress. "Since we find that the [second] motion to suppress was not timely made, we need not address the question whether the evidence should have been admitted." *Waller v. State*, 251 Ga. 124, 127 (5) (303 SE2d 437) (1983), rev'd on other grounds in *Waller v. Ga.*, 467 U. S. 39 (104 SC 2210, 81 LE2d 31) (1984). See also *Holton v. State*, 243 Ga. 312, 316 (3) (253 SE2d 736) (1979); *Tillman v. State*, 184 Ga. App. 210, 211 (3) (361 SE2d 66) (1987). Compare *Collier v. State*, 171 Ga. App. 214 (319 SE2d 51) (1984) (wherein we held that a motion to suppress filed on the day set for trial was not untimely where no written plea had been entered and no time limit had been set for the filing of motions by order of the trial court or by any applicable rule of court). Error, if any, with regard to the trial court's ruling on the merits of appellant's motion to suppress would be harmless.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED MAY 11, 1988.

*Roger L. Curry*, for appellant.
*Thomas J. Charron, District Attorney, Nancy I. Jordan, Assistant District Attorney*, for appellee.