## 77535. ALONSO v. THE STATE.
(378 SE2d 354)

BEASLEY, Judge.

Appellant and his co-defendant Roberts were convicted of possession of tools for the commission of a crime, OCGA § 16-7-20, and use of an article with an altered identification number, OCGA § 16-9-70.

On April 11, 1986 at approximately 12:30 a.m., Marietta Police Officer Clayton, working a second job as a security guard, was on surveillance behind a restaurant which had been robbed earlier. He saw a blue truck pull into the parking lot and someone get out and run into a wooded area. The truck left. Adjacent to the restaurant was Chris Imports, a car dealership. Also in the area, due to recent thefts from car dealerships, were members of the Marietta Police stakeout squad watching another dealership.

Officer Clayton called for backup and waited until the stakeout team arrived along with other officers called by them. The officers

---

went into the woods in search of the man.

Officer Tritt heard crackling noises and found Roberts, crouched on his hands and knees near a pine tree. Roberts was dressed in dark green coveralls and a dark blue windbreaker. He had a pair of dark socks pulled over his shoes. Around his neck hung a walkie-talkie. A pair of black driving gloves, a screwdriver and a pair of pliers were found near where he was crouched. Although the tools were lying on the ground, they were not covered with dew as was the surrounding ground. A pen light and an extra battery were found in Roberts' pocket. On his belt was the case for the walkie-talkie. A beeper and extra batteries for the walkie-talkie were also found.

While the officers were dealing with Roberts, from the walkie-talkie sounded: "Are you ready?" One of the officers responded: "Come and get me." About five minutes later, the blue truck pulled into the lot, driven by defendant Alonso.

Officers also found a pen light on defendant and he had a walkie-talkie and extra batteries for it. In the truck were a pair of rolled up black socks, a small screwdriver, and a 16-channel scanner with an ear plug, set on the Cobb County police frequency. The location was on the city/county boundary line. The scanner was on. The serial number on the back of the scanner had been scraped off.

1. In his second enumeration, defendant contends that the trial court's dismissal of his motion to suppress due to its untimely filing was a violation of the Federal Fourth Amendment. The State Constitution was not raised.

Defendant's arraignment occurred in July 1986 and the motion to suppress was not filed until January 1987. Upon the State's motion, it was dismissed as USCR 31.1 requires that such motions be filed "at or before arraignment."[1]

As far as is reflected by the record, the ground urged was not presented to the trial court and so presents nothing for our review. *Smith v. State*, 186 Ga. App. 303, 311 (5) (367 SE2d 573) (1988).

2. The third enumeration claims error in the denial of defendant's discovery motion, which sought those items set out in OCGA §§ 17-7-110; 17-7-210; and 17-7-211, and his *Brady* motion, which were filed in July 1986. The court's order of July 25, 1986 reflects that "defendant's motion, to wit: general discovery is hereby complied with at arraignment."

Apparently after new counsel entered the case for Alonso, an-

---

[1] Prior to the rule's enactment, this was also required pursuant to holdings by this court and the Supreme Court. *Waller v. State*, 251 Ga. 124, 127 (5) (303 SE2d 437) (1983), rev'd on other grounds in *Waller v. Ga.*, 467 U. S. 39 (1984); *Lazarz v. State*, 187 Ga. App. 107 (369 SE2d 355) (1988). Dismissal under the rule is appropriate. *Van Huynh v. State*, 258 Ga. 663, 664 (2) (373 SE2d 502) (1988).

other *Brady* motion was filed on January 7, 1987. This motion also was untimely, USCR 31.1, and the trial court's failure to entertain it was not error. *Van Huynh v. State,* 258 Ga. 663, 664 (2) (373 SE2d 502) (1988). Also, defendant failed to make the showing required in order to prove a due process violation pursuant to *Brady v. Maryland,* 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963). *Wallin v. State,* 248 Ga. 29, 33 (279 SE2d 687) (1981); *Stevens v. State,* 242 Ga. 34, 36 (1) (247 SE2d 838) (1978); *Potts v. State,* 241 Ga. 67, 74 (5) (243 SE2d 510) (1978).

3. The objection made in enumeration four is not the objection made at trial and will not be considered here for the first time. *Smith,* supra.

4. Enumerations 5 through 8 all deal with the introduction of the evidence bags, State's exhibit numbers 1 through 3, and their contents, the items found on or near both defendants.

a) The fifth enumeration is aimed at the writing contained on the evidence bags which was placed there by Officer Maynor who did not testify. The objection is that the words "Victim: Cris [sic] Imports" improperly concluded that there was a victim and therefore a crime, so that allowing the bag to go to the jury deprived defendant of his Federal Sixth Amendment right to confrontation. Only Exhibits 1 and 3 contain these words; Exhibit 2 is not subject to such an objection.

The objections made at trial were made by Roberts' counsel and adopted by defendant's. Since they did not contain an objection based on the Sixth Amendment, it will not be addressed here for the first time. *Smith,* supra.

There was a hearsay objection made. Pretermitting the validity of such an objection, it appears that at least two witnesses testified to the fact that Chris Motors appeared to be the intended victim of the illegal activity. On neither of these occasions was an objection voiced. Also, Alonso testified that he was an employee of Chris at the time. Since the objected-to evidence was merely cumulative of other evidence that was not objected to and was admissible, any error in its admission was harmless. OCGA § 24-1-1 (2); *Carpenter v. State,* 252 Ga. 79, 80 (1) (310 SE2d 912) (1984); *Anthony v. State,* 184 Ga. App. 876, 877 (363 SE2d 171) (1987).

b) The eighth enumeration contends that the contents of Exhibits 1, 2, and 3 should not have been admitted because no chain of custody had been proven. All items in the bag being distinct and recognizable physical objects which could be identified upon mere observation, it was not necessary for the State to prove the chain. *Ramey v. State,* 238 Ga. 111, 113 (4) (230 SE2d 891) (1976); *Duke v. State,* 176 Ga. App. 125, 127 (2) (335 SE2d 400) (1985).

c) Enumerations 6 and 7 allege that the contents of the bag were

erroneously admitted because they were not properly identified and the proper foundation was not laid. These objections were also based on the fact that Officer Maynor, who physically searched Roberts and removed the flashlight, one of the walkie-talkies, the extra batteries for the pen light and the pager, was not present to testify. Sgt. Ross testified that he was present when Maynor searched Roberts and when the items were placed in the evidence bags. He also identified the writing on the bags as that of his former partner Maynor. Sgt. Ross himself initialed Exhibits 1 and 3, which contained all of the evidence except the coveralls worn by Roberts. No objection was raised as to Exhibit 3 concerning foundation.

Identity having been sufficiently shown, the items were not subject to the objections raised.

5. Defendant's ninth enumeration alleges failure in the trial court's refusal to give "Defendant's written Request to Charge # 3."

There are no written requests to charge in the record, although the colloquy between court and counsel alludes to some filed by defendant Roberts and "relied on" by Alonso. We thus cannot regard this particular instruction as having been requested in writing by defendant Alonso or determine whether it was legal, apt, and precisely adjusted to the evidence, so as to make the court's refusal to give it error. *Lewis v. State*, 186 Ga. App. 349, 352 (4) (367 SE2d 123) (1988); *Estep v. State*, 181 Ga. App. 842, 844 (2) (353 SE2d 913) (1987); *Brinson v. State*, 111 Ga. App. 608, 609 (1) (142 SE2d 393) (1965).

If the charge was verbatim in the language of OCGA § 24-4-22, as indicated in the discussion of it in the record, it was not error to refuse to give it. *Radford v. State*, 251 Ga. 50, 53 (7) (302 SE2d 555) (1983).

6. Denial of defendant's motion for new trial on the general grounds was not error. Defendant admitted all of the facts as charged, except that he intended to commit burglary and that he was aware that the identification number was not on the scanner, which he admitted was his. Defendant contended that he was called by Roberts, a mere acquaintance, to come assist him with his car which had broken down. Defendant was a mechanic. Although he had to go to work the next morning, he went to Roberts' rescue. They were unable to find the part necessary to fix the car. Defendant was going to take Roberts to a friend's house in Smyrna, although Roberts' wife was at home. Roberts had the walkie-talkie with him and suggested that, although it was nearly midnight, they "try them out." Obligingly, defendant dropped Roberts off with one behind the restaurant and drove away. However, he was unable to work the walkie-talkie until he put new batteries in it, whereupon he heard the request to "come pick me up." He had the scanner in his car, set to the Cobb police band, in an

effort to keep abreast of weather and traffic reports to aid his travel home each day. Alonso claimed the scanner was not on this night.

Thus, credibility was the primary issue to be determined and was properly left to the jury. OCGA § 24-9-80. The evidence was sufficient. *Stinson v. State*, 185 Ga. App. 543, 544 (364 SE2d 910) (1988); *Towns v. State*, 185 Ga. App. 545 (365 SE2d 137) (1988).

7. Finally, defendant contends that sentencing him consecutively was improper on the grounds that one was a lesser included offense of the other or that he was subjected to double jeopardy in violation of the Federal Eighth Amendment.

There is no transcript of the sentencing hearing in the record. The only item concerning this issue is Paragraph 11 of defendant's amendment to his motion for new trial. Assuming, without deciding, that this is a situation where the same conduct of a defendant establishes the commission of more than one offense, both may be submitted to the jury, although only one conviction may be entered. OCGA § 16-1-7 (a); *Few v. State*, 179 Ga. App. 166, 167 (3) (345 SE2d 643) (1986). There is no indication that any objection to the consecutive sentences was made at the time of entry of the sentence and judgment and no motion for arrest of judgment was made. OCGA §§ 17-9-60; 17-9-61. We do not reach the merits, for "errors which raise issues for the first time in a motion for new trial or on appeal present nothing for review. [Cit.]" *Fowler v. State*, 155 Ga. App. 76 (2) (270 SE2d 297) (1980); *Hill v. State*, 183 Ga. App. 654, 657 (4) (360 SE2d 4) (1987).

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 24, 1989.

*Gale W. Mull,* for appellant.

*Thomas J. Charron, District Attorney, Debra H. Bernes, Frank R. Cox, Nancy I. Jordan, Assistant District Attorneys,* for appellee.