A90A0428. CAUSEY v. THE STATE.
(393 SE2d 468)

DEEN, Presiding Judge.

Appellant Causey was convicted by a Floyd County jury of the offenses of violation of the Georgia Controlled Substances Act and possession of a dangerous drug. He alleges that the trial court erred in denying his motion to suppress.

The record indicates that prior to trial an assistant district attorney had informed the court that the search warrant under which Causey had been apprehended had been issued for premises occupied by a Donna Lynn Burkhalter who was not the person of the same name at whose residence appellant had been arrested, and that the search of the premises and Causey's consequent arrest had therefore been fortuitous and without basis in probable cause. The trial court denied the motion and held that defendant/appellant's motion was not such as to come under the aegis of *Brady v. Maryland,* 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963), and was, moreover, immaterial to Causey's situation. In support of its ruling the trial court cited both *Brady,* supra, and *Gilreath v. State,* 247 Ga. 814, 822 (279 SE2d 650) (1981). Appellant contends that even if, *arguendo,* the material was not covered by *Brady,* it was nevertheless favorable to him and the motion to suppress should therefore have been granted. *Held:*

A motion to suppress must be filed in a timely manner, or the right to file will be deemed to have been waived. *Van Huynh v. State,* 258 Ga. 663, 664 (373 SE2d 502) (1988); *Waller v. State,* 251 Ga. 124 (303 SE2d 437) (1983), rev'd on other grounds, 467 U. S. 39 (104 SC 2210, 81 LE2d 31) (1984); *Lazarz v. State,* 187 Ga. App. 107 (369 SE2d 355) (1988); *Wilcoxen v. State,* 162 Ga. App. 800 (292 SE2d 905) (1982).

Furthermore, the record indicates that, contrary to appellant's allegations, the warrant was correct in all essentials except for the misidentification of the co-defendant as a person having a different name.[1] It is difficult to see how this error in identity of the co-defend-

---

[1] The key to the misidentification appears to be that Donna Lynn Burkhalter had at one time been married to appellant Causey's brother and later to a Mr. Holbrook, and that she

ant could have been exculpatory of appellant or could otherwise have constituted a violation of *Brady*. We find no merit in appellant's enumeration of error.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED APRIL 2, 1990 —
REHEARING DENIED APRIL 16, 1990.

*John E. Sawhill III*, for appellant.

*Stephen F. Lanier, District Attorney, C. Stephen Cox, Assistant District Attorney*, for appellee.

was known by all three names.