A90A1101. TORRES v. THE STATE.
(397 SE2d 33)

BANKE, Presiding Judge.

The appellant was stopped by a state trooper while driving on I-95 in Bryan County and was given a warning ticket for improper lane usage. The trooper then searched the appellant's vehicle pursuant to the appellant's written consent and discovered over 500 grams of cocaine hidden behind the back seat. The trooper testified that following this discovery and after being advised of his *Miranda* rights, the appellant made a statement indicating that he had been aware of the presence of the cocaine. The appellant was convicted of trafficking in cocaine and brings this appeal from the denial of his motion for new trial. *Held*:

1. The appellant contends that the trial court erred in failing to instruct the jury that the state had the burden of proving *beyond a reasonable doubt* that he had made the incriminatory statement freely and voluntarily, after being advised of his *Miranda* rights. This enumeration of error is without merit. The voluntariness of an in-custody statement need only be established by a preponderance of the evidence in order to be considered by the jury. See *Jones v. State*, 245 Ga. 592, 598 (4) (266 SE2d 201) (1980); *Lawrence v. State*, 241 Ga. 36, 38 (243 SE2d 78) (1978). The trial judge's instructions on this issue were in harmony with the Suggested Pattern Jury Instructions of the Council of Superior Court Judges of Georgia (Vol. II, Criminal Cases, pp. 40-43). Cf. *Leeks v. State*, 255 Ga. 69 (1) (335 SE2d 387) (1985). The jury was repeatedly instructed that the state had the burden of proving the defendant's *guilt* beyond a reasonable doubt, and there is no reasonable possibility that the charge complained of could have confused them in this regard.

2. The appellant contends that he was entitled to a charge on equal access, based on the possibility that the contraband might have been placed behind the back seat by a passenger who had been present with him in the vehicle at the time he was stopped and who was indicted and tried with him as a co-defendant. However, there was no evidence suggesting that this co-defendant had been in a position to place the contraband in the vehicle without the appellant's knowledge, and the trial court in fact directed a verdict in his favor due to the lack of any evidence connecting him to the contraband. Thus, there was no evidentiary basis for a charge on equal access. Cf. *Mendez v. State*, 185 Ga. App. 1 (1) (363 SE2d 262) (1987).

3. The evidence, construed in the light most favorable to the verdict, was amply sufficient to enable a rational trier of fact to find the appellant guilty of trafficking in cocaine beyond a reasonable doubt. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong and Cooper, JJ., concur.*

DECIDED SEPTEMBER 4, 1990.

*Jack E. Carney, Jr.,* for appellant.

*Dupont K. Cheney, District Attorney, J. Thomas Durden, Jr., Assistant District Attorney,* for appellee.