## 66250. DENNIS v. THE STATE.

DEEN, Presiding Judge.

Appellant Dennis, along with a co-defendant, was convicted on two counts of armed robbery in connection with an incident at a fast-food restaurant. Each received a fifteen-year sentence on each count, the sentences to be served concurrently. Appellant filed a timely notice of appeal to the Supreme Court, which transferred the case to this court.

Appellant, wearing a stocking mask and wielding a revolver, entered a Pizza Hut at about 10:00 p.m. and held the gun to the throat of the sole waitress then on duty. He forced her to lead him to where the manager and assistant manager were engaged in taking inventory and ordered the latter persons to open the safe. Meanwhile, an accomplice, co-defendant Etheridge, also wearing a stocking mask, entered the restaurant and drew a "hawk-blade" knife on the cook. Both the cook and the waitress recognized the second robber as a person who lived in the neighborhood and occasionally patronized the restaurant — and who, in fact, had been there earlier in the same evening playing video games. Out of fear of being harmed, however, neither indicated during the robbery that she recognized him.

After all the money on the premises, a total of $300, had been turned over to the robbers, the four restaurant employees were ordered to enter the men's room and remain there. At about the same time a woman entered the restaurant seeking change for the telephone, and the robbers took her purse and forced her into the restroom, also. All five ventured from their place of confinement after a few minutes, summoned the police, and gave them an account of the robbery and physical descriptions of the perpetrators. The cook and waitress also provided police with the name of the second robber, Tracy Etheridge.

At about 1:00 a.m., after obtaining Etheridge's address and a warrant for his arrest, police officers went to his apartment, which was in a complex located directly behind the restaurant. Etheridge opened the door in response to the officers' knock, admitted his identity, and was placed under arrest. Police then ascertained the identities of the two men and one woman whom they could see in the

apartment's living room when the door was opened. When observed from the threshold, one of the men had been reaching under the sofa on which he was seated, in an apparent attempt either to hide something under there or to retrieve it. This person responded to the officers' questions in a hostile manner and was arrested for obstructing an officer. Examination of the floor under the sofa revealed a 1926 silver dollar, one of the items the passerby had told police her purse contained, and an unopened roll of coins encased in a plastic wrapping of the kind used by banks. Lying in plain view in front of a second sofa, on which appellant Dennis was seated, was a hawk-blade knife. Police officers seized all these items as evidence. Following police questioning, neither appellant nor the woman, who was identified as Etheridge's girl friend and a resident of the apartment, was placed under arrest.

Later that same evening the waitress and cook positively identified Etheridge's picture from a photo line-up, and in another photo line-up conducted a few days later, two restaurant personnel positively identified appellant Dennis. They also identified the knife and roll of coins as similar to those involved in the robbery, and the passerby identified the silver dollar as like the one she had carried in her purse for several years as a good-luck piece. Appellant was arrested and jointly indicted and tried with Etheridge.

At trial appellant testified that he and the third man found in the apartment had arranged with Etheridge to spend a social evening in the latter's apartment, drinking and watching a basketball game on television. He testified further that he had not left the apartment during the entire evening but that Etheridge had left to purchase a money order. There was conflicting testimony by the defense witnesses (the occupants of the apartment) as to who had actually come and gone, and when and how often. Appellant had filed no written pre-trial motion to suppress, as required by OCGA § 17-5-30 (Code Ann. § 27-313), but a hearing was held at trial upon his oral motion. On appeal he assigns as error the court's denial of his motion to suppress the physical evidence found in the apartment, alleging that it should be excluded under the "fruit of the poisonous tree" doctrine because the search was conducted in violation of the Fourth and Fourteenth Amendments to the United States Constitution. *Held:*

"On appeal of the denial of a motion to suppress[,] the evidence is to be construed most favorably to the upholding of the findings and judgment made." *Anderson v. State,* 133 Ga. App. 45, 47 (209 SE2d 665) (1974); *Johnson v. State,* 231 Ga. 138 (200 SE2d 734) (1973). The trial court's findings must be adopted unless determined to be clearly erroneous. *McShan v. State,* 155 Ga. App. 518 (271 SE2d 659) (1980);

*Anderson v. State,* supra. The facts in this case do not dictate a departure from this general rule.

In exigent circumstances such as those obtaining here, police officers are authorized, pursuant to a lawful arrest, to enter upon the premises and conduct a reasonable search of the suspects' persons and immediate presence. OCGA § 17-5-1 (Code Ann. § 27-301); *Boyd v. State,* 133 Ga. App. 136 (210 SE2d 251) (1974). "Once lawfully within the house, the officers were authorized to make a search of the entire house for the limited purpose of securing it, i.e., discovering the presence of all occupants and eliminating the possibility of harm to the officers and the destruction of evidence." *Lentile v. State,* 136 Ga. App. 611, 613 (222 SE2d 86) (1975). A search under a piece of furniture where one of the suspects was observed reaching for or disposing of an unknown object, which might reasonably be thought to be either a weapon or evidence, was justified, and the coins thus discovered were clearly admissible. See United States v. Busta-mante-Gamez, 488 F2d 4 (9th Cir. 1973), cert. denied 416 U. S. 970 (94 SC 1993, 40 LE2d 559) (1974).

As to the knife seen lying on the floor near appellant's feet, it is well settled that if a police officer has a right to be in the position from which an object is seen lying in plain view, the object is admissible as evidence. Harris v. United States, 390 U. S. 234 (88 SC 992, 19 LE2d 1067) (1968); *Brewer v. State,* 129 Ga. App. 118 (199 SE2d 109) (1973); *Lewis v. State,* 126 Ga. App. 123 (190 SE2d 123) (1972). Such a search as that which took place in the instant case is authorized either under the theory of search incident to a lawful arrest or under that of an exigent situation, as defined in United States v. Bus-tamante-Gamez, supra. Under either theory the officers had a right to be in a position from which the knife was visible. Compare *Lentile v. State,* supra, where the search extended to closed containers.

Moreover, appellant had no standing to object to a search of the premises, and particularly one as limited as that conducted here, since as a mere visitor (although according to his testimony a frequent one) he had no expectation of privacy in the premises of another, where he had neither a proprietary nor a possessory interest. *Neely v. State,* 159 Ga. App. 737 (285 SE2d 190) (1981); *Fears v. State,* 152 Ga. App. 817 (264 SE2d 284) (1979). See also Rakas v. Illinois, 439 U. S. 128 (99 SC 421, 58 LE2d 387) (1978).

Finally, an oral motion to suppress does not meet the requirement of OCGA § 17-5-30 (b) (Code Ann. § 27-313) that such a motion be in writing, and the trial court does not err in denying it. *Singleton v. State,* 138 Ga. App. 706 (227 SE2d 472) (1976); *Graves v. State,* 135 Ga. App. 921 (219 SE2d 633) (1975); *Hiatt v. State,* 132 Ga.

App. 289 (208 SE2d 163) (1974). By failing to file a written motion to suppress, a defendant waives an appeal on that ground. *Peppers v. State,* 144 Ga. App. 662 (242 SE2d 330) (1978).

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED MAY 20, 1983.

*William A. Wehunt,* for appellant.

*Robert E. Wilson, District Attorney, Mike Sheffield, Susan Brooks, Assistant District Attorneys,* for appellee.