72954. MAY v. THE STATE.
(351 SE2d 649)

Carley, Judge.

Appellant was tried before a jury and found guilty of two counts of violating the Georgia Controlled Substances Act by selling cocaine. He appeals from the judgments of conviction and sentences entered on the verdicts.

1. Appellant enumerates as error the trial court's denial of a motion to suppress evidence.

An officer entered appellant's home for the purpose of executing an arrest warrant, the validity of which warrant and entry are not contested. While there, she inadvertently discovered, lying on a counter in plain view, what appeared to be evidence of crimes. " 'A police officer may seize what is in plain sight if, as here, [s]he is in a place where [s]he is constitutionally entitled to be. [Cits.] And where such a plain-view seizure takes place, there is in effect no search at all. [Cits.]' [Cit.]" *State v. Nichols*, 160 Ga. App. 386 (287 SE2d 53) (1981). See also *Galloway v. State*, 178 Ga. App. 31, 33-35 (342 SE2d 473) (1986). There was no error.

2. The trial court's admission into evidence of a photograph of appellant is enumerated as error. The objection at trial was apparently that the evidence appeared to be a "mug shot" because there were numbers appearing under the picture. These numbers were removed before the picture was admitted into evidence. Moreover, the photograph was identified as having been taken when appellant was arrested on the charges at issue. Thus, the evidence did "not suggest that he had suffered prior arrests or convictions for other offenses. Its admission was therefore not reversible error." *Anderson v. State*, 152 Ga. App. 268, 269 (2) (262 SE2d 560) (1979). The fact that the jury was apprised that appellant's *arrest* for the instant crimes was the occasion for the taking of his photograph was not inflammatory or prejudicial. The jury was well aware that appellant had been arrested for the crimes for which he was on trial.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 6, 1986 —
REHEARING DENIED DECEMBER 9, 1986 —

Joseph M. Todd, for appellant.
Robert E. Keller, District Attorney, Albert B. Collier, Assistant District Attorney, for appellee.