A00A1070. SOLOMON v. THE STATE.
(534 SE2d 915)

McMURRAY, Senior Appellate Judge.

Defendant was convicted by a Gwinnett County jury of three counts of armed robbery[1] and three counts of possession of a firearm during the commission of a felony.[2] The superior court sentenced defendant to twenty years on each count of armed robbery, to serve fifteen years, and to five years probation on the counts of possession of a firearm during the commission of a felony consecutive to his sentence to confinement for armed robbery. The superior court denied defendant's motion for new trial, and he now appeals.

1. Defendant first enumerates that the superior court erred in denying his motion for mistrial for impermissibly putting his charac-

---

[1] OCGA § 16-8-41.
[2] OCGA § 16-11-106.

ter in issue upon allowing Gwinnett County Police Department Investigator J. A. Rankin to testify: (a) that defendant admitted that he was driving another person's car when he was stopped for a traffic violation about a month after the instant offenses had occurred and that defendant produced proof of insurance in another person's name, and (b) that Investigator Rankin used a "book-in" photograph of the defendant obtained from the Clayton County Police Department in preparing a pretrial photographic lineup. This claim of error is without merit. "It is well settled that all circumstances connected with [an] accused's arrest are admissible, even though they incidentally put his character in issue."[3] Further, testimony that a photograph is a "mug shot," from the files of a police department, as here, does not put a defendant's character in issue.[4] Neither does such a photograph impermissibly place a defendant's character in issue if it is shown to potential witnesses for purposes of identification.[5] Accordingly, this claim of error is without merit.

2. Defendant last enumerates that the superior court erred in denying his motion for directed verdict of acquittal for the insufficiency of the evidence. This claim of error is likewise without merit.

> Where, as here, the sufficiency of the evidence is challenged by a motion for directed verdict of acquittal, the proper standard of review is whether the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offenses. See *Jackson v. Virginia.*[6] On appeal, we view the evidence in the light most favorable to support the verdict, and an appellant no longer enjoys a presumption of innocence; moreover, we determine the sufficiency of the evidence and do not weigh the evidence or determine the credibility of witnesses.[7]

Viewed in the light most favorable to the verdict, the evidence shows that defendant and two male accomplices were the last would-be customers in a Norcross Autozone store as it was closing around 9:00 p.m. on January 16, 1998. Christian Gottlieb, a store employee, was in the office reconciling receipts for the day, while Freddie Vickery

---

[3] *Reynolds v. State*, 234 Ga. App. 884, 886-887 (2) (508 SE2d 674), citing *McClung v. State*, 206 Ga. 421, 423 (1) (57 SE2d 559); *Louis v. State*, 230 Ga. App. 897 (497 SE2d 824); *Hyatt v. State*, 210 Ga. App. 425 (436 SE2d 540); *Blackshear v. State*, 199 Ga. App. 839 (406 SE2d 269); *Jimerson v. State*, 163 Ga. App. 54 (1) (293 SE2d 513).

[4] *Seals v. State*, 176 Ga. App. 67, 68 (2) (335 SE2d 306).

[5] *Woodard v. State*, 155 Ga. App. 533 (1) (271 SE2d 671).

[6] 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

[7] (Citations omitted.) *Jenkins v. State*, 240 Ga. App. 102, 103 (1) (522 SE2d 678).

and Rita Tortolero, two other employees, were closing up the showroom floor. Noting the presence of defendant and the other two men, Vickery and Tortolero offered to assist them before closing. When Vickery knelt to show the defendant and one of the men a window tint, defendant pressed a pistol in his back, had him call Gottlieb, and walked him to the rear of the store. Defendant's remaining accomplice, who had asked Tortolero to assist him in finding fuses, likewise directed her to the rear of the store. There defendant and the accomplice with him ordered Vickery and Tortolero to lie face down on the floor of the men's room. While they were on the floor, a wallet, containing approximately $200, and a pager were taken from Vickery. Another pager was taken from Tortolero. Defendant then directed his attentions to Gottlieb as he walked to the back of the store, moments later forcing Gottlieb at gunpoint to open the store's safe and cash drawers and taking the money therein. When it was over, defendant "threw [Gottlieb] into the bathroom[ ]" where Vickery and Tortolero had been left, and the perpetrators fled.

Although neither Tortolero nor Gottlieb was able to identify the defendant, both described their assailant as a tall man who wore a black leather jacket around his waist. Vickery described the defendant's coat in a similar manner, saw the defendant in the coat in a neighborhood restaurant the day after the robberies, and positively identified the defendant as the perpetrator in two pretrial photographic lineups and at trial. Further, the evidence reflects that a black leather coat matching the descriptions given by the witnesses was found in defendant's vehicle at the prearrest traffic stop alluded to in Division 1 upon defendant's consent to search.

While direct evidence supporting defendant's convictions may be lacking as to whether the defendant took the items removed from the persons of Vickery and Tortolero, there is sufficient circumstantial evidence to authorize a jury to conclude that the defendant did so. Direct evidence otherwise supports all elements of the charges of which defendant was convicted. Such direct and circumstantial evidence was more than sufficient to allow a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of the crimes charged.[8] Therefore, the superior court did not err in denying defendant's motion for directed verdict of acquittal.[9]

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

---

[8] *Jackson v. Virginia*, 443 U. S. 307, supra; see also *Smith v. State*, 215 Ga. App. 673, 675 (2) (452 SE2d 526).

[9] *Jenkins v. State*, 240 Ga. App. 102, 103 (1), supra.

DECIDED MAY 31, 2000.

*Ronnie K. Batchelor*, for appellant.
*Daniel J. Porter, District Attorney, R. Keith Miles, Assistant District Attorney*, for appellee.