A02A0904. WELCHEL v. THE STATE.
(565 SE2d 870)

MILLER, Judge.

Having reason to suspect the presence of contraband in a motel room occupied by defendant, police used a key from the motel office to enter the room, where they found defendant with illegal drugs. The question on appeal is whether exigent circumstances justified the warrantless, nonconsensual entry into the motel room. Since prior to entry police had no reason to suspect defendant was about to

destroy or conceal the drugs, we hold that no evidence supported a finding of exigency and that therefore the trial court erred in denying defendant's motion to suppress the seized evidence. We reverse the defendant's convictions that are based on that evidence.

When reviewing a trial court's order concerning a motion to suppress evidence, we are guided by three principles with regard to the facts.

> First, when a motion to suppress is heard by the trial judge, that judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support [them]. Second, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment.

(Citations, punctuation and emphasis omitted.) *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994).

So construed, the evidence showed that after a confidential informant told police he had just seen Robert Welchel with illegal drugs in a motel room, police used a dog to conduct a free-air search outside the room. The dog alerted to the presence of illegal drugs in the room. Police obtained a key to the room from the motel front desk, knocked, and upon receiving no response, used the key to enter the locked room. Police found Welchel holding a large bag of marijuana and obtained his consent to search the room and his truck outside. They found more marijuana, some methamphetamine, and a large quantity of cash in the searches.

Indicted on two counts of possessing illegal drugs with intent to distribute, Welchel moved to suppress the evidence obtained from the searches on the ground that the police had entered his motel room without a warrant. Following an evidentiary hearing, the trial court denied the motion. A bench trial ensued, resulting in Welchel's conviction on both counts. He appeals, enumerating as error the denial of his motion to suppress.

The Fourth Amendment to the United States Constitution protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures. . . ." See also Ga. Const. of 1983, Art. I, Sec. I, Par. XIII. In enforcing this sacred right, the U. S. Supreme Court has emphasized:

> It is axiomatic that the "physical entry of the home is the chief evil against which the wording of the Fourth Amend-

ment is directed." And a principal protection against unnecessary intrusions into private dwellings is the warrant requirement imposed by the Fourth Amendment on agents of the government who seek to enter the home for purposes of search or arrest.

(Citations omitted.) *Welsh v. Wisconsin*, 466 U. S. 740, 748 (II) (104 SC 2091, 80 LE2d 732) (1984). "A motel room is accorded the same Fourth Amendment considerations as a private home." (Punctuation and footnote omitted.) *Owens v. State*, 236 Ga. App. 534, 535 (512 SE2d 394) (1999).

Seeking to excuse its conduct in entering the motel room without a warrant, the State focuses on the evidence showing probable cause that illegal drugs were in the motel room. This evidence did likely establish probable cause (see *Johnson v. State*, 230 Ga. App. 535, 538 (1) (496 SE2d 785) (1998)), but this focus misses the point. The U. S. Supreme Court, the Supreme Court of Georgia, and this Court have consistently held that "even where probable cause exists, warrantless intrusion of a person's home is prohibited by the Fourth Amendment, absent consent or a showing of exigent circumstances." *Carranza v. State*, 266 Ga. 263, 264-265 (1) (467 SE2d 315) (1996), citing *Steagald v. United States*, 451 U. S. 204, 211 (III) (101 SC 1642, 68 LE2d 38) (1981); see *Pickens v. State*, 225 Ga. App. 792, 794 (1) (b) (484 SE2d 731) (1997). Indeed, *Coolidge v. New Hampshire*, 403 U. S. 443, 468 (II) (C) (91 SC 2022, 29 LE2d 564) (1971), emphasized:

> [N]o amount of probable cause can justify a warrantless search or seizure absent "exigent circumstances." Incontrovertible testimony of the senses that an incriminating object is on premises belonging to a criminal suspect may establish the fullest possible measure of probable cause. But even where the object is contraband, this Court has repeatedly stated and enforced the basic rule that the police may not enter and make a warrantless seizure.

(Citations omitted.) See also *Carranza*, supra, 266 Ga. at 266 (1).

Thus, the key to this case is whether any evidence supported a finding that exigent circumstances existed so as to justify the warrantless entry into Welchel's motel room. Decisions of the U. S. Supreme Court "have emphasized that exceptions to the warrant requirement are few in number and carefully delineated, and that the police bear a heavy burden when attempting to demonstrate an urgent need that might justify warrantless searches or arrests." (Citation and punctuation omitted.) *Welsh*, supra, 466 U. S. at 749-750 (II). Thus, "[b]efore agents of the government may invade the

sanctity of the home, the burden is on the government to demonstrate exigent circumstances that overcome the presumption of unreasonableness that attaches to all warrantless home entries." (Citation omitted.) Id. at 750 (II); see *Threatt v. State*, 240 Ga. App. 592, 595-596 (1) (524 SE2d 276) (1999).

" 'An exigent circumstance which does justify the warrantless entry of a private home is the officer's reasonable belief that such action is a necessary response on his part to an emergency situation.' " (Citations omitted.) *Lindsey v. State*, 247 Ga. App. 166, 168 (1) (543 SE2d 117) (2000). No evidence showed that the officers here reasonably believed that the warrantless entry was justified to protect or preserve life or to avert serious injury. See *Davis v. State*, 262 Ga. 578, 582-583 (3) (422 SE2d 546) (1992); *State v. McTaggart*, 241 Ga. App. 852, 854 (528 SE2d 309) (2000). Rather, the State claims that the warrantless intrusion was justified by the classic exigent circumstance that the contraband was in danger of immediate destruction. See *State v. David*, 269 Ga. 533, 536 (2) (501 SE2d 494) (1998). Significantly, the " 'presence of contraband without more does not give rise to exigent circumstances.' " (Citation omitted.) *Davis*, supra, 262 Ga. at 582 (3). Thus, evidence showing the *imminent destruction* of the contraband is our focus in determining this case. See id. at 583 (3).

The record lacks any evidence that the drugs were in danger of immediate destruction. As no officer apparently saw Welchel prior to the warrantless entry, the lead officer could only speculate that Welchel "could have seen any of us out there through the window . . ." and that therefore he was about to destroy the evidence. He did not testify to any evidence showing that Welchel was in fact aware of police presence (for example, the dog's alerting to the drugs was manifest merely by sitting down, and there was no evidence showing that the curtains were open, that police had caught Welchel's eye, and that police were in uniform), nor did the officer testify that Welchel was making any efforts to conceal or destroy the drugs. Compare *David*, supra, 269 Ga. at 536 (2) ("[T]he officer saw one of the apartment's occupants attempt to conceal the contraband upon seeing the officer at the open door. [Cits.]"). "Therefore, at the time [police] entered the house, there was no threat, actual or perceived, of the drugs being destroyed if a search was not commenced right away, and *the possibility that the drugs might be destroyed does not excuse the deputy's warrantless entry.*" (Footnote omitted; emphasis supplied.) *Davis*, supra, 262 Ga. at 583 (3).

Since no evidence showed that the drugs were in immediate danger of destruction, the police were not authorized to enter the motel room without a warrant. See *State v. Wright*, 204 Ga. App. 382, 386 (7) (419 SE2d 334) (1992). Nor did Welchel's subsequent consent to

search the room and his truck cure the problem, as "[c]onsent to search that is given after an illegal entry is tainted and invalid under the Fourth Amendment. [Cits.]" *United States v. Hotal*, 143 F3d 1223, 1228 (II) (9th Cir. 1998); see *United States v. Heath*, 259 F3d 522, 534 (II) (c) (6th Cir. 2001); cf. *Gibson v. State*, 261 Ga. 313, 315 (5) (404 SE2d 781) (1991) (because entry was authorized, subsequent consent was not tainted). Accordingly, the trial court erred in denying Welchel's motion to suppress. Welchel's convictions must be reversed, and he is entitled to a new trial on the charges. See *Threatt*, supra, 240 Ga. App. at 597 (1).

*Judgment reversed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED MAY 28, 2002.

*Sexton & Morris, Ricky W. Morris, Jr., Joseph S. Key*, for appellant.

*R. Joseph Martin III, District Attorney, Joseph B. Black, Assistant District Attorney*, for appellee.