## A02A1463. McNEIL v. THE STATE.
### (570 SE2d 433)

Barnes, Judge.

A jury convicted Nachel Andrea McNeil of giving a false name to a police officer and theft by taking of a motor vehicle. She appeals, contending that the trial court erred in admitting into evidence a correctional facility identification card seized by the police at the time of her arrest on the ground that it was impermissible character evidence. She argues that as a result of this admission, she failed to receive a fair trial. Finding that the trial court properly admitted the card, we affirm.

Before trial, McNeil moved to exclude from the evidence the correctional facility identification card found at the time of her arrest arguing that it was irrelevant and unnecessarily placed her character at issue. The trial court denied the motion. "On appeal from the grant or denial of a motion to suppress or motion in limine, an appellate court must adopt the trial court's findings of fact unless they are clearly erroneous and not supported by any evidence admitted at the suppression hearing." (Citation and punctuation omitted.) *Tanner v. State*, 243 Ga. App. 640, 641 (1) (533 SE2d 794) (2000). However, "where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review." (Punctuation omitted.) Id.

The material facts applicable to McNeil's appeal are undisputed. On April 24, 2001, she contacted the Morrow Police Department to report her keys, money, and credit cards missing from Southlake Mall. An officer responded to the call, and McNeil identified herself as Karen Ann Murray. The officer that took the defendant's report testified that she noticed a tow truck pull up after talking with McNeil and heard the tow truck driver ask McNeil if she was ready to go to Cobblestone Apartments. While typing her report, the officer observed the tow truck, carrying a white Ford Explorer, leave the lot with the defendant. Afterward, the officer was approached by a female who reported that her white Ford Explorer had been stolen from the mall parking lot.

Police questioned the defendant at Cobblestone Apartments concerning the stolen vehicle, and she continued to identify herself as Karen Murray, telling police that she did not have any identification. After the investigators informed McNeil that she was suspected of having stolen the Ford Explorer, she revealed her correct name. The officers placed her in custody, searched her, and found a correctional facility identification card in her purse. Also found in the purse was the number to a locksmith who testified that a woman directed him to Cobblestone Apartments after calling his office to request keys for a Ford Explorer. The locksmith's number was identified by police as the last number dialed on the defendant's cell phone.

The trial court denied the motion in limine, concluding that the evidence was part of the res gestae of the crime of giving a false name. We agree. OCGA § 24-2-2 stands for the proposition that any criminal trial evidence tending to show that the accused has previously committed other criminal acts is irrelevant and inadmissible as it tends to place the accused's character into evidence. *Perry v. State*, 158 Ga. App. 349, 352 (2) (280 SE2d 390) (1981). However, this court has established an exception to this general rule which provides that all circumstances connected with the accused's arrest are admissible, even though they incidentally put her character in issue. *Reynolds v. State*, 234 Ga. App. 884, 886-887 (2) (508 SE2d 674) (1998), citing *McClung v. State*, 206 Ga. 421, 423 (1) (57 SE2d 559) (1950). Therefore, the trial court did not err in ruling that the identification card was admissible.

At the same time, the use of the identification card does not necessarily place the defendant's character in issue. In *Solomon v. State*, 244 Ga. App. 289, 290 (1) (534 SE2d 915) (2000), this court concluded that neither testimony that a photograph is a "mug shot" nor the photograph itself used for identification purposes necessarily places a defendant's character in issue. McNeil argues that there were other forms of identification found as a result of the police search that would have served the same purpose as the correctional facility card. The trial court determined that the evidence was relevant in proving that defendant gave a false name to a police officer, thus overruling McNeil's objection to its admissibility. We will not dispute its finding.

Following the trial court's reasoning, the evidence was used to prove Count 2 of the indictment and not to prejudice the defendant. "If . . . the evidence . . . is relevant for some other [reason] than to show a probability that the defendant committed the crime because he[/she] is a [person] of criminal character, [then] the evidence is admissible despite incidentally placing the defendant's character [at] issue." *Mikell v. State*, 274 Ga. 596, 598 (2) (555 SE2d 433) (2001). Accordingly, this enumeration of error is without merit.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

Decided August 22, 2002.

*Patricia F. Angeli*, for appellant.
*Robert E. Keller, District Attorney, Bonnie K. Smith, Assistant District Attorney*, for appellee.