## A04A1684. THE STATE v. BROWN.
### (605 SE2d 628)

ANDREWS, Presiding Judge.

Edwin Brown was arrested and charged with possession of cocaine, possession of cocaine with intent to distribute, and possession of marijuana with intent to distribute. Brown filed a motion to suppress the contraband and other evidence seized from his apartment, contending that the officer entered his bedroom illegally, and his subsequent consent to search was not freely and voluntarily given. Because the trial court correctly held that the officer's entry into Brown's bedroom without a warrant and without Brown's consent was illegal, but failed to determine whether Brown's subsequent consent to search was freely and voluntarily given, we vacate the judgment and remand for further proceedings.

> On appeal from the grant or denial of a motion to suppress or motion in limine, an appellate court must adopt the trial court's findings of fact unless they are clearly erroneous and not supported by any evidence admitted at the suppression hearing. However, where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review.

(Citation and punctuation omitted.) *McNeil v. State*, 257 Ga. App. 147 (570 SE2d 433) (2002).

The evidence at the hearing on Brown's motion to suppress was as follows. Two investigators, Detective Fogel and Detective Parker from the Athens-Clarke County Police Department had received information that Brown might be selling drugs from his apartment. But, they did not get a warrant. Instead, they went to Brown's apartment and knocked on the door. When Adam Wiese, Brown's roommate, opened the door, Fogel told him they had received information about drug activity at this address and asked if they could

come into the apartment. Wiese allowed the officers to come inside, and, as they walked in, they saw a marijuana pipe in the kitchen and smelled marijuana in the apartment. Although an officer testified that Wiese said the pipe belonged to Brown, Wiese testified that the officers never asked him who owned the pipe, and that the pipe, in fact, belonged to him. Wiese said Brown was at home and was asleep in his bedroom.

According to Parker, he then went to Brown's bedroom door, knocked on the door, and, when he heard sounds from inside the bedroom, opened the door. Parker said he showed his badge and asked Brown to come out into the living room to discuss a drug investigation. Parker then walked into the bedroom. Parker testified that Brown got dressed and left the bedroom with him.

Adam Wiese testified that it was Fogel who went into the bedroom to get Brown and he heard "yelling" coming from the bedroom. Wiese stated that he heard Fogel tell Brown to put some clothes on and get up.

Brown testified that he had been drinking heavily the night before and thought at first that he was having a nightmare when Fogel came into his room. Brown said that he was asleep when the detective pulled him out of bed and told him to put some clothes on because he was going to jail.

After Brown and Parker came out of Brown's bedroom, Fogel said they asked Brown if he had any drugs in the apartment and Brown said yes and took them back into his bedroom. The officer said Brown opened a shoe box and he could smell marijuana but Brown did not take anything from the box. Brown told the officers he could not remember where the drugs were and walked back out of the bedroom.

One of the officers then read Brown his *Miranda* rights and when he finished, Brown stood up and said he remembered where the marijuana was hidden. Brown then retrieved the shoe box which contained several clear plastic bags of what appeared to be marijuana. The officers asked Brown to sign a consent form to conduct a further search and he agreed. Another officer arrived and they conducted a thorough search of the apartment, finding cocaine, a sheet of papers with numbers that appeared to be a drug tally sheet, and a set of digital scales.

In its order on the motion to suppress, the trial court found that the officer's entry into Brown's bedroom without a warrant or consent constituted an invalid search. The court rejected the State's argument that because Wiese's parents had paid Brown's share of the rent, Wiese could somehow give permission to the officers to enter Brown's bedroom. The State filed a motion to reconsider, arguing that even if the initial entry into the bedroom was illegal, Brown's subsequent consent to the search of his room was voluntary and not the

result of the preceding illegal entry. We note that, in this motion, the facts in the State's brief are incomplete and misleading. The State omits much of the testimony at the hearing, failing even to acknowledge the testimony of Brown and Wiese and citing only to the officers' evidence as though it were undisputed.[1] The trial court did not rule on the State's motion to reconsider.

"The trial court is the finder of fact on motions to suppress evidence. OCGA § 17-5-30 (b); *Williams v. State*, 204 Ga. App. 372, 374 (419 SE2d 351) (1992). It, rather than we, must judge the credibility of the witnesses and the weight of the evidence. *Williams v. State*, 256 Ga. 609, 610 (1) (351 SE2d 454) (1987)." *State v. Roe*, 211 Ga. App. 129, 130 (438 SE2d 186) (1993). In light of the disputed evidence and the need to determine the credibility of witness testimony, we must remand this case to the trial court for further findings of fact.

The trial court must determine whether the evidence seized was the product of the illegal entry or was sufficiently distinguishable so as to be purged of the taint from the initial illegality. *Wong Sun v. United States*, 371 U. S. 471, 488 (83 SC 407, 9 LE2d 441) (1963). In making this determination, proof of voluntary consent alone is not sufficient. The relevant factors to be considered include the temporal proximity to the illegal entry, the intervening circumstances and the purpose and the flagrancy of the official misconduct. *Pledger v. State*, 257 Ga. App. 794, 797 (572 SE2d 348) (2002).

*Judgment vacated and case remanded. Miller and Ellington, JJ., concur.*

DECIDED OCTOBER 4, 2004.

*Kenneth W. Mauldin, District Attorney, Christopher T. Anderson, Brian V. Patterson, William M. Overend, Matthew J. Karzen, Assistant District Attorneys*, for appellant.

*Gordon & Brown, Gerald W. Brown*, for appellee.

---

[1] Although every advocate has a duty of fairness to the court, prosecutors have an even higher responsibility. Accordingly, we caution the State and remind the prosecutor that his duty is to seek justice, not merely to convict. *Carr v. State*, 267 Ga. 701, 712 (482 SE2d 314) (1997), overruled on other grounds, *Clark v. State*, 271 Ga. 6, 10 (515 SE2d 155) (1999).