## A07A0325. THE STATE v. VENZEN.
(649 SE2d 851)

SMITH, Presiding Judge.

The State charged Melvin V. Venzen by accusation with possessing less than one ounce of marijuana in violation of the Georgia Controlled Substances Act. Venzen filed a motion to suppress the marijuana seized by police, asserting that he "was approached, questioned, and unlawfully detained and arrested." The trial court granted his motion, and the State appeals. Because the evidence was properly seized both as a result of exigent circumstances and as fruits of a search incident to Venzen's arrest, we reverse.

The police officers who arrested Venzen were the only witnesses at the hearing on the motion to suppress, and the trial court did not question their credibility or resolve any disputed issues of fact, but instead made its ruling on the basis of the application of law to undisputed facts. This controls our standard of review.

> While the trial court's findings as to disputed facts in a ruling on a motion to suppress will be reviewed to determine whether the ruling was clearly erroneous, where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review.

(Citations omitted.) *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994). We therefore consider the evidence de novo.

On May 3, 2006, two officers from the Lowndes County Sheriff's Department went to "4203 Hermes Place, apartment D-4," to execute an arrest warrant for an individual named Delyno Theodore Brown. As the officers approached the unit's door, they looked through a window six inches away from the door and saw a man, later identified as Venzen, seated on a couch rolling a marijuana cigarette. They also saw a bag of marijuana beside Venzen on the coffee table at the end of the couch.

The officers knocked to execute the warrant, and Venzen opened the door with a burning marijuana cigarette in his hand. In fact, one officer testified that Venzen had to put down the cigarette so the officer could handcuff him. The officers also smelled burning marijuana and saw the bag of marijuana in the same room, "still sitting in plain [view]." The officers arrested Venzen and seized the marijuana. Brown, the man listed in the arrest warrant, was not present.

Ruling on Venzen's motion to suppress, the trial court first found that the officers were lawfully on the apartment complex property, that no invasion of privacy resulted when they saw Venzen through the apartment window, and that the marijuana was in plain view inside the apartment. Nevertheless, the trial court granted the motion, concluding that the officers were not authorized to enter the residence and seize the contraband.

We agree with the trial court's initial determination that the officers properly approached the apartment and knocked on the door. See *Pickens v. State*, 225 Ga. App. 792, 793 (1) (a) (484 SE2d 731) (1997). And the trial court also correctly concluded that the officers' observation of the contraband through the window did not constitute an unreasonable invasion of privacy, since they saw it while approaching the apartment "on the same route as would any guest, deliveryman, postal employee, or other caller." (Citation and punctuation omitted.) Id. But the trial court then ruled, without explaining its interpretation of the evidence or ruling on the credibility of the witnesses, that the officers had no right to enter the apartment to seize the contraband in the absence of a search warrant, consent to search, or exigent circumstances. This portion of the trial court's ruling was error. The officers were authorized to enter the residence once Venzen opened the door to them on either of two grounds: the exigent circumstances which arose when they found themselves confronting Venzen with contraband in hand; or, alternatively, a search incident to their arrest of Venzen for the possession of marijuana.

1. It is true, as the dissent notes, that "the plain view doctrine authorizes seizure of illegal or evidentiary items visible to a police officer only if the officer's *access* to the object itself has some prior Fourth Amendment justification." (Citation, punctuation and footnote omitted; emphasis in original.) *State v. Schwartz*, 261 Ga. App. 742, 745 (2) (583 SE2d 573) (2003). And "the presence of contraband without more does not give rise to exigent circumstances." (Citation and punctuation omitted.) *Welchel v. State*, 255 Ga. App. 556, 559 (565 SE2d 870) (2002). But access to contraband in plain view may be had "by obtaining a warrant, obtaining consent, or by the existence of

exigent circumstances." (Citation, punctuation and footnote omitted.) *Schwartz*, supra at 746 (2). The trial court did not expressly address the evidence on any of these issues.

Exigent circumstances arise when an officer reasonably believes that immediate action "is a necessary response on his part to an emergency situation." (Citation, punctuation and footnote omitted.) *Schwartz*, supra at 746. *Schwartz*, supra, *State v. David*, 269 Ga. 533 (501 SE2d 494) (1998), and *Welchel*, supra, cited by the dissent, all support the presence of exigent circumstances in this case. This is not a situation, as in *Schwartz*, supra at 747 (2), in which the occupant did not know police had seen the drugs. Instead, "upon seeing the officer at the open door," *David*, supra at 536 (2), Venzen realized the officer was present at the home and "had seen the marijuana." *Schwartz*, supra at 747 (2). Venzen obviously knew that the officers were present and that the officers were aware of the marijuana, since Venzen opened the door to them while holding a burning marijuana cigarette, plainly obvious to both sight and smell. Had the officers retreated to obtain a warrant, neither Venzen nor the contraband likely would have been present on their return. Exigent circumstances therefore existed. Id.; compare *Welchel*, supra at 559.

Although the dissent contends that exigent circumstances were not created until the officers knocked on the door, the officers here properly knocked in order to serve an arrest warrant at the address named in the warrant. Moreover, even if the officers had not seen Venzen through the window, they would have continued to the door to serve the warrant, and Venzen would have answered the door with a burning marijuana cigarette in his hand, thereby providing exigent circumstances. Neither the officers' nor Venzen's actions would have changed.

The dissent's suggested reading of the law also creates a significant unintended consequence. It requires that an officer who legally and properly approaches a residence to serve a warrant, but fortuitously observes a second crime in progress, must immediately abandon his effort to serve the first warrant and retreat to find a magistrate to issue yet another warrant. The case law does not demand this result.

2. Alternatively, Venzen's lawful arrest for possession of the marijuana in his hand authorized a search of the area within his immediate presence.[1] "[I]t is well settled that if a police officer has a right to be in the position from which an object is seen lying in plain

---

[1] While the State does not raise the issue of a search incident to arrest, the dissent acknowledges that Venzen's arrest was lawful. The undisputed facts, reviewed de novo, establish that a lawful arrest took place at the front door, and a search incident to that lawful arrest would likewise be lawful.

view, the object is admissible as evidence." (Citations omitted.) *Dennis v. State*, 166 Ga. App. 715, 717 (305 SE2d 443) (1983); see OCGA § 17-5-1 (a) (3) and (4) (officer may reasonably search the person arrested and the area within the person's immediate presence for the purpose of seizing the fruits of the crime for which the person has been arrested or things used in the commission of the crime). Contrary to the dissent's contention, in *Dennis* we stated plainly that the search was authorized "*either* under the theory of search incident to a lawful arrest or under that of an exigent situation." (Citation omitted; emphasis supplied.) Id.

In *State v. Camp*, 175 Ga. App. 591, 594 (2) (333 SE2d 896) (1985), a search incident to arrest for the sale of drugs authorized a search of the immediate area to secure it, discover the presence of all occupants, and prevent harm to the officers and destruction of evidence. We found this to be authorized even though the arrested individual had been removed from the home before the search began. Id. at 592. Certainly this holding applies when officers are attempting to execute an arrest warrant for another individual believed to be in the home.

The dissent's objection that the officers in *Camp* were given permission to enter is not well-founded; the supposed permission was given to an undercover officer to enter the living room of the home to purchase marijuana from another individual. Id. at 591-592. After that person was arrested and removed from the home, the officers returned, entered a bedroom and arrested Camp and a female companion, seizing contraband from their immediate presence in and around the bedroom. Id. at 592. We held that this was an authorized search incident to arrest, reversing the trial court's determination that the officers had no right to be in the bedroom. Id. at 595-596 (2).

Therefore, the contraband discovered during a search of Venzen's immediate presence, including the marijuana cigarette in his hand and the marijuana in plain view on the coffee table visible from outside the front door, was admissible as the product of a search incident to arrest. See *Dennis*, supra (knife seen lying on the floor near appellant's feet was admissible); *Camp*, supra (drugs in plain view as well as drugs in purse and headboard near occupants of bed were admissible).

For either of these reasons, the trial court erred as a matter of law in ruling that the officers had no authority to seize the marijuana from Venzen or from the nearby coffee table, and Venzen's motion to suppress should have been denied.

*Judgment reversed. Andrews, P. J., Johnson, P. J., and Ellington, J., concur. Barnes, C. J., Miller and Adams, JJ., dissent.*

MILLER, Judge, dissenting.

I respectfully dissent. Although I agree that the trial court's suppression ruling cannot stand, I would vacate the same and remand the case for further factual findings as to whether access to the residence might be justified upon the arrest warrant for Delyno Brown.

Initially, it is appropriate to point out that the majority decides this case upon an issue as to which there is procedural default. Specifically, neither the parties nor the trial court analyzed this case under the theory of search incident to arrest, and the State has not raised it on appeal. While we will apply the "right for any reason rule" to correct a trial court's ruling on grounds not addressed below (*Gaston v. State*, 257 Ga. App. 480, 483 (2) (571 SE2d 477) (2002)), "we do not apply a 'wrong for any reason' rule to reverse incorrect rulings on issues not raised or ruled upon in the trial court." (Citation and punctuation omitted.) *Designs Unlimited v. Rodriguez*, 267 Ga. App. 847, 847-848 (601 SE2d 381) (2004).

Moreover, it is ironic that the majority relies upon *Dennis v. State*, 166 Ga. App. 715, 717 (305 SE2d 443) (1983) and *State v. Camp*, 175 Ga. App. 591 (333 SE2d 896) (1985) to justify the instant seizure under the theory of search incident to lawful arrest because *Dennis* and *Camp* bear only on the issue before this Court — whether the officers' entry into and search of the residence was legal, absent (i) a search warrant, or, as discussed below, an arrest warrant justifying such entry, (ii) voluntary consent of the owner or other person reasonably believed by the police to possess such authority over the premises, or (iii) exigent circumstances based upon a police officer's reasonable belief that entry is necessary to respond to an emergency therein. See *Dennis*, supra, 166 Ga. App. at 717 (exigent circumstances); *Camp*, supra, 175 Ga. App. at 595 (2) (consent).

Contrary to the majority's view of the evidence, in suppressing "all" the evidence seized, the trial court implicitly found that the contraband, including the marijuana cigarette, was inside the residence beyond Venzen's immediate control. See *Welchel v. State*, 255 Ga. App. 556, 557 (565 SE2d 870) (2002) ("[T]he reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment.").

As we have held:

> Even when an officer outside a home legally observes contraband in the house, it does not follow that the in-home seizure of the observed objects is lawful, for the plain view doctrine authorizes seizure of illegal or evidentiary items visible to a police officer only if the officer's *access* to the object itself has some prior Fourth Amendment justification.

(Punctuation and footnote omitted; emphasis in original.) *State v. Schwartz*, 261 Ga. App. 742, 745 (2) (583 SE2d 573) (2003); see also *State v. David*, 269 Ga. 533, 535 (2) (501 SE2d 494) (1998). Access to an object in a private home is secured "only by obtaining a warrant, obtaining consent, or by the existence of exigent circumstances." (Punctuation and footnote omitted.) *Schwartz*, supra, 261 Ga. App. at 746 (2). The State bears the burden of demonstrating that exigent circumstances justify a warrantless entry into a private home. *Welchel*, supra, 255 Ga. App. at 558-559. Such circumstances arise when an officer reasonably believes that immediate action is necessary in response to an emergency situation, *Schwartz*, supra, 261 Ga. App. at 746 (2), e.g., to preserve life, to avert serious injury, or to protect contraband from the danger of immediate destruction. *Welchel*, supra, 255 Ga. App. at 559.

Once Venzen was lawfully arrested upon the odor of burning marijuana and the fact that the police had seen him put a burning cigarette down inside the residence as he came to the door, the contraband was in no "danger of immediate destruction," and the officer therefore could have obtained a search warrant before entering the premises. The trial court correctly found no exigency in this case. That factual determination — which falls directly within the province of the trial court — must be upheld if supported by *any* evidence. See *Jackson v. State*, 280 Ga. App. 716, 718 (1) (634 SE2d 846) (2006) (whether exigent circumstances exist "is a question of fact to be determined by the trial court, and the judge's decision, if supported by any evidence, is to be accepted") (citation, punctuation and footnote omitted).

Absent consent or exigent circumstances, as here, the officers in this case needed a search warrant or other Fourth Amendment justification to justify their entry into the residence. See *Schwartz*, supra, 261 Ga. App. at 746 (2); *David*, supra, 269 Ga. at 536 (2). Because the officers went to the residence to serve an arrest warrant on Brown, the further question therefore arises as to whether the arrest warrant authorized their entry therein and the plain view seizure of the contraband which followed.

"An arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within." (Citation and punctuation omitted.) *Brannan v. State*, 275 Ga. 70, 73 (2) (b) (561 SE2d 414) (2002). This limited authority, however, does not extend to a third party's house. " '[E]ven when armed with an arrest warrant, police must have either a search warrant, exigent circumstances or consent to lawfully enter a third person's home to arrest someone who does not reside there.' " (Footnote omitted.) *Schwartz*, supra, 261 Ga. App. at 744 (1).

Thus, if Brown lived in the apartment and the officers had reason to believe he was there, they properly entered the residence pursuant to the arrest warrant, giving them access to and the right to seize the marijuana in plain view. See *Brannan*, supra, 275 Ga. at 73 (2) (b); *May v. State*, 181 Ga. App. 228 (1) (351 SE2d 649) (1986). If, however, Brown resided elsewhere, the warrant did not authorize the entry, and the officers lacked lawful access. See *Schwartz*, supra, 261 Ga. App. at 744 (1). It appears that neither the trial court — nor the parties — addressed these critical factual issues, and the trial court never determined whether the arrest warrant authorized the officer's entry.

Under these circumstances, the trial court did not err in failing to analyze the State's motion to suppress in the context of the law of search incident to arrest. Neither did the trial court err in refusing to find exigent circumstances authorizing immediate seizure of the marijuana. The record shows, however, that further factual determinations by the trial court are required. Accordingly, rather than reversing the trial court's suppression ruling for the wrong reason as the majority does, I would vacate such ruling and remand for further proceedings consistent with this opinion. See *Atkins v. State*, 254 Ga. 641, 642 (331 SE2d 597) (1985); *State v. Brown*, 269 Ga. App. 875, 877 (605 SE2d 628) (2004).

I am authorized to state that Chief Judge Barnes and Judge Adams join in this dissent.

DECIDED JULY 16, 2007.

*Richard W. Shelton, Solicitor-General, Sandra K. Guest, Assistant Solicitor-General*, for appellant.
*Fulp & Holt, John D. Holt*, for appellee.