A08A0110. THE STATE v. FELIX et al.
(660 SE2d 853)

JOHNSON, Presiding Judge.

Randy and Sheralyn Felix were indicted for trafficking in marijuana and possession of marijuana. They each moved to suppress evidence of marijuana allegedly discovered during a warrantless search of their home. After a hearing, at which a police officer and Sheralyn Felix were the only witnesses, the trial court granted the motions to suppress, finding, among other things, that the police had not properly obtained consent to search the home. The state appeals, arguing that the trial court erred in granting the motions to suppress because the officers had valid consent to search the home. The argument is without merit and we thus affirm the judgment of the trial court.

When reviewing a trial court's order on a motion to suppress, we must construe the evidence most favorably to uphold the findings and

---

judgment of the trial court.[1] Moreover, "the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous and will not be disturbed if there is any evidence to support them."[2]

In the instant case, a police drug task force agent testified that his office had received telephone complaints about possible drug activity at the Felixes' house. The agent did not obtain a search warrant for the house, but went there with other officers to investigate the complaints. The agent and two other plainclothes agents walked up to the front door of the house, where the Felixes stood inside as three of their friends walked out of the house. The agent testified, "I stepped inside and I basically identified myself as a police officer, advised them that we had a complaint of drug activity and did they mind if we stepped inside and spoke to them, at which time they retreated further into the house, stepping toward the living room, allowing us in." According to the agent, with three plainclothes agents inside the house and other police officers outside it, the Felixes immediately gave verbal consent to a search of their home. On cross-examination, the officer conceded that he could have memorialized the consent either with a written form or tape recorder, but he failed to do so.

Sheralyn Felix testified repeatedly that no consent was given to search the house. She testified that the agent walked into the house without having been invited and claimed that the police had already gotten consent to search the house from the Felixes' landlord. As she and her husband were talking to the agent, other officers also came inside without invitation and began searching the house, with one officer going upstairs and two going downstairs. Ms. Felix stated that she told the officer heading upstairs to stop and not go up there, but she was told that the officers could search the house because they smelled marijuana. When questioned as to whether she had told the police they could search the home, Ms. Felix testified, "No, I never told them they could come in and search. I told them they couldn't. I told them to stop."

As for her husband, Ms. Felix testified that she always does the talking for him because he had previously suffered an aneurysm and he regularly has headaches and seizures, for which he is on strong narcotic medication. She testified that he looked very confused when the agent walked uninvited into their home, that she would have

---

[1] *Welchel v. State*, 255 Ga. App. 556, 557 (565 SE2d 870) (2002).
[2] (Citations and punctuation omitted.) *Alex v. State*, 220 Ga. App. 754 (1) (470 SE2d 305) (1996).

heard if he had consented to a search and that when the agent asked them for consent they did not give it.

Having construed the evidence most favorably to uphold the findings and judgment of the trial court, we conclude that the trial court's finding that the police failed to obtain valid consent to search is not clearly erroneous. There is testimony from which the trial court was authorized to find that the agent came into the house uninvited. Moreover, there is testimony from which the trial court could have found that the Felixes never consented to a search of the home, and that even if they did consent it came after the agent's improper entry into the home. "[C]onsent to search that is given after an illegal entry is tainted and invalid under the Fourth Amendment."[3] Because the trial court's decision to grant the motion to suppress is not clearly erroneous in that it is supported by at least some evidence, it must be affirmed.[4]

*Judgment affirmed. Barnes, C. J., and Phipps, J., concur.*

DECIDED APRIL 7, 2008.

*Jewel C. Scott, District Attorney, Anece Baxter White, Assistant District Attorney,* for appellant.

*Sexton & Key, Lee Sexton, Joseph S. Key, Dennis R. Scheib,* for appellees.

---

[3] (Citations and punctuation omitted.) *Welchel,* supra at 560.
[4] See *State v. McKinney,* 276 Ga. App. 69, 74 (1) (622 SE2d 429) (2005).