## A08A0051. WALL v. THE STATE.
(661 SE2d 656)

SMITH, Presiding Judge.

Charged with possession of less than one ounce of marijuana, Preston Wall filed a motion to suppress. The trial court denied the motion, and following a bench trial on stipulated facts, found him guilty. Wall now appeals, contending that the trial court erred in denying his motion to suppress. For the following reasons, we affirm.

> On appeal from a denial of a motion to suppress, we construe the evidence in favor of the trial court's ruling, and the trial court's application of law to undisputed facts is subject to de novo review. And where there is evidence to support the decision of a trial judge on motion to suppress evidence, that decision will not be disturbed on appeal.

(Citations and punctuation omitted.) *Barnett v. State*, 275 Ga. App. 464, 466 (2) (620 SE2d 663) (2005).

The undisputed facts are as follows. A state court judge issued an arrest warrant for Harold Hawthorne, Jr., for violation of his probation. The warrant listed Hawthorne's address as 7124 Southlake Parkway, Bldg. P, Apt. 8, Morrow, Georgia 30260. The warrant lead sheet attached to the warrant showed that Hawthorne's address had been verified on December 16, 2005. A deputy serving the warrant knocked on the door of the address listed, and Wall answered. Wall told the deputy that Hawthorne had moved to Mississippi in October 2005, two months before police had verified Hawthorne's address in December. The deputy then told Wall that he needed to come inside the apartment and verify that Hawthorne was not there. Wall replied "okay," and the deputy entered the apartment.

In plain view, the deputy observed a plastic bag containing marijuana. After looking through the apartment and determining that Hawthorne was not present, the deputy asked Wall for consent to search the apartment. Wall then gave both verbal and written consent for the search. After finding more marijuana, the deputy arrested Wall, who was subsequently charged with possession of one ounce or less of marijuana.

Wall moved to suppress the evidence seized from the apartment on the ground that the deputy entered the apartment illegally. In denying the motion to suppress, the trial court concluded that because the arrest warrant listed an address that Hawthorne had apparently provided to his probation officer, the deputy executing the warrant had information that led him to reasonably believe Hawthorne resided there, and he was therefore authorized to enter the home to search for Hawthorne. We agree.

"An arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within." (Punctuation omitted.) *Brannan v. State*, 275 Ga. 70, 73 (2) (b) (561 SE2d 414) (2002), citing *Payton v. New York*, 445 U. S. 573, 603 (IV) (100 SC 1371, 63 LE2d 639) (1980). Here, the officer was attempting to serve an arrest warrant for Harold Hawthorne, Jr., for violation of his probation. The warrant listed an address presumably provided by Hawthorne and verified on December 16, 2005. On January 24, 2006, a deputy knocked on the door of the apartment listed on the warrant. Although Wall told the officer that Hawthorne had moved from the apartment in October 2005, based on the information provided in the warrant, the officer had reason to believe that Hawthorne resided there and was within. See id. Under these circumstances, the deputy had the limited authority to enter the home to search for Hawthorne. See id. Once inside the apartment, the deputy then had authority to seize the marijuana in plain sight. "A police officer may seize what is in plain sight if, as here, he is in a place where he is constitutionally entitled to be. And where such a plain-view seizure takes place, there is in effect no search at all." (Citations and punctuation omitted.) *May v. State*, 181 Ga. App. 228 (1) (351 SE2d 649) (1986).

The trial court therefore did not err in denying Wall's motion to suppress.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED APRIL 24, 2008.

*Steven M. Frey*, for appellant.
*Leslie Miller-Terry, Solicitor-General, Janet Smith-Taylor, Assistant Solicitor-General*, for appellee.

