## A09A0324. CASH v. THE STATE.
(682 SE2d 607)

BARNES, Judge.

Following the denial of his motion to suppress, Stanford Montgomery Cash was found guilty of driving under the influence of alcohol to the extent he was a less safe driver (OCGA § 40-6-391 (a) (1)), and failure to maintain a lane (OCGA § 40-6-48). Cash's subsequent motion for new trial was denied, and he appeals contending that the trial court improperly considered the results of incorrectly administered horizontal gaze nystagmus (HGN) and walk and turn tests, the evidence was insufficient to establish probable cause for his arrest, and the State improperly injected prior act informa-

---

[9] *Truax v. State,* 207 Ga. App. 506, 508 (2) (428 SE2d 611) (1993).

tion during the trial. Following our review we affirm.

When reviewing a trial court's order on a motion to suppress, we must construe the evidence most favorably to uphold the findings and judgment of the trial court. *Welchel v. State*, 255 Ga. App. 556, 557 (565 SE2d 870) (2002). Moreover, "the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous and will not be disturbed if there is any evidence to support them." (Citations and punctuation omitted.) *Alex v. State*, 220 Ga. App. 754 (1) (470 SE2d 305) (1996).

Viewed in the light most favorable to the verdict, the evidence shows that a Gwinnett County police officer responded to a one-car collision. When the officer arrived to the site at approximately 3:00 a.m., she observed that "it appeared that a vehicle had gone off the roadway, struck a street sign there and there was landscaping just near the entrance to a subdivision that had been torn up and damaged." The officer observed a truck nearby with two flat tires on the right side, damage to the right front panels, and grass, pine straw, and mud under the rear bumper.

The truck was running, its parking lights were on, and Cash was the only occupant in the truck. Cash's eyes were bloodshot and the officer detected a "moderate odor of alcohol." The officer testified that when she asked Cash for his driver's license, Cash fumbled around in his wallet and initially gave the officer a credit card instead of his license. Cash said that he may have had one or two drinks and consented to field sobriety evaluations. The officer also noted that Cash's "speech was mumbled, a bit slow and a little thick." Although Cash swayed when he exited his truck, his walk appeared normal.

The officer evaluated Cash on the nine-step walk and turn, and during the evaluation Cash failed to touch heel to toe on the first nine steps, stepped offline at one point during the second nine steps, and raised his arms to gain balance, for a total of three out of eight clues. The officer also performed the HGN test on Cash. The officer testified that Cash exhibited six out of a possible six clues on the test which usually indicates that "they're definitely not safe to drive." Several attempts to perform an alco-sensor were unsuccessful, and Cash asked the officer to arrest him. The officer opined that Cash was DUI to the extent that he was a less safe driver and arrested him.

1. Cash first contends that the trial court improperly considered the results of an improperly administered HGN test and walk and turn test, and therefore the results should have been suppressed.

The trial court found "the administration of the Field Sobriety Tests . . . by the arresting officer to be incorrect," but noted that it had given "the results of the Field Sobriety Tests little or no weight." Pretermitting whether the evidence should have been

suppressed in its entirety, "the record demonstrates that the HGN test evidence did not contribute to the verdict of the trier of fact, and it follows that [Cash] was not harmed by the trial court's denial of his motion to exclude the test." *Sultan v. State*, 289 Ga. App. 405, 408 (1) (657 SE2d 311) (2008).

2. Although Cash also claims the trial court erred in denying his motion to suppress because the officer did not have probable cause to arrest him for driving under the influence of alcohol,

> [t]he test of probable cause requires merely a probability — less than a certainty but more than a mere suspicion or possibility. To arrest a suspect for driving under the influence, an officer need only have knowledge or reasonably trustworthy information sufficient to authorize a prudent person to believe that the suspect was actually in physical control of a moving vehicle, while under the influence of alcohol to a degree which renders him incapable of driving safely.

*Sultan v. State*, supra, 289 Ga. App. at 408-409 (2).

The evidence shows that the officer detected the odor of alcohol when talking with Cash, observed that Cash's speech was mumbled and slow, and that his eyes were bloodshot. Cash also initially gave the officer a credit card instead of his license, admitted to having one or more drinks, and Cash's truck ran off the road and was involved in a one-car accident.

Based on the totality of the circumstances, the trial court was authorized to conclude that the officer had probable cause to arrest Cash for driving under the influence of alcohol. *Sultan v. State*, supra, 289 Ga. App. at 409 (2); *Cann-Hanson v. State*, 223 Ga. App. 690, 691 (1) (478 SE2d 460) (1996) (Even in the absence of the field sobriety tests, the officer's observation of bloodshot, watery eyes and odor of alcohol was sufficient to show probable cause to arrest appellant for driving under the influence.).

3. At the conclusion of the bench trial, the trial court requested that the parties submit written closing arguments, and the State attached Cash's prior convictions to the document. Cash argues that this intentional inclusion of inadmissible character evidence was reversible error.

At a bench trial such as this, "the trial court is presumed to have separated admissible evidence from inadmissible evidence and considered only the former in reaching its judgment." *Watson v. State*, 274 Ga. 689, 691 (3) (558 SE2d 704) (2002). Accordingly, the inclusion of Cash's prior convictions in the State's written closing

argument was not reversible error.

*Judgment affirmed. Miller, C. J., and Andrews, P. J., concur.*

DECIDED JULY 2, 2009 —<br>RECONSIDERATION DENIED JULY 22, 2009

*Head, Thomas, Webb & Willis, William C. Head,* for appellant.
*Rosanna M. Szabo, Solicitor-General, Mihae Park, Assistant Solicitor-General,* for appellee.